Johnny Ray **MAHOME**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 52354.

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

Paul W. Leech, Grand Prairie, for appellant.

Henry Wade, Dist. Atty., John H. Hagler and John Ovard, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of bribery of a public official; the punishment is a fine of $500. The appellant waived a jury trial and entered a plea of not guilty before the court; the court found the appellant guilty of a felony of the third degree, but pursuant to V.T. C.A. Penal Code, Article 12.44, the court entered a judgment and assessed punishment for a Class A misdemeanor.

The only question presented for review is whether the evidence is sufficient to support the conviction. The indictment alleged in substance that the appellant offered a benefit of $44 to police officer J. S. Maddox, a public servant, with the intent to influence him in his official duties not to arrest the appellant. See V.T.C.A. Penal Code, Article 36.02(a)(1).

On January 13, 1975, at approximately 11:45 p.m., J. S. Maddox, a Dallas police officer who was in a marked patrol car with his partner officer G. W. Tucker, noticed a car, which was driven onto a street without its headlights turned on, and the car was driven partly in both of the two north bound traffic lanes. The officers used their emergency equipment and brought the car to a stop. Maddox, who was dressed in full police uniform, got out of the patrol car and walked to the front of it, where he met the appellant who had walked back from the car he had been driving. The officer asked if he could see the appellant's operator's license. The appellant made no verbal response, but took from his wallet a twenty dollar bill and handed it toward the officer. The officer asked the appellant what the money was for, but the appellant did not reply. Maddox called to Tucker; Tucker came over and asked the appellant what he was doing with the twenty dollar bill he was holding. The appellant said nothing, and one of the officers again asked the appellant if they could see his operator's license. The appellant then took from his wallet another twenty dollar bill and four one dollar bills. The appellant handed all of the money to Maddox who took it. After the officers had asked repeatedly what the money was for, the appellant said, "You know, man, I'm D.W.I." The appellant's breath smelled as if he had been drinking an alcoholic beverage, and he told the officers that he had been drinking. Maddox testified that the appellant was "moderately" intoxicated, and that he was "thick tongued," "mushmouthed" and talked about "things that were not relevant," but "he wasn't stumbling or falling down or anything."

The appellant was charged with the offense of bribery, the offense of driving an automobile on a public road while intoxicated, and the offenses of driving an automobile without lights and without an operator's license.

The only evidence offered was the testimony of officer Maddox which is the evidence that has been summarized. The appellant did not testify, and no other evidence was offered in his defense.

On appeal the appellant argues that it is difficult to determine whether the appel-

lant made the statement, "You know, man, I'm D.W.I." before or after the officers told him he was being arrested for attempting to bribe a police officer, but that, in any event, there was no testimony that the money was offered to prevent his arrest for driving while intoxicated because that offense had not even been mentioned. The appellant concludes that the State failed to prove that the attempted bribe, if there was one, was for the purpose of preventing his arrest as opposed to not being issued a ticket.

The evidence is sufficient to support the trial court's judgment and to show that the offer of the money to Maddox by the appellant was made with the intent to prevent his arrest and to influence officer Maddox in his official duties. It is not necessary that the appellant make an explicit verbal offer to bribe officer Maddox. The appellant's acts and statement in the circumstances of this case are sufficient to support the trial court's finding that the appellant was guilty beyond a reasonable doubt of the offense with which he was charged. The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.