William JOHNSON, Appellant,

v.

STATE of Texas, Appellee.

No. C14–81–609–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 4, 1982.

Mandate Issued May 3, 1982.

Rayford Carter, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This is an appeal from a conviction for unauthorized use of a motor vehicle. At the punishment phase of trial, the court found appellant had been once previously convicted of a felony and assessed punishment at twenty (20) years confinement in the Texas Department of Corrections. Appellant perfected this appeal and now raises two grounds of error. We find both grounds wanting of merit and we affirm the judgment of the trial court.

In his initial ground of error appellant asserts the trial court committed reversible error in failing to submit to the jury a charge on mistake of fact, because it was at issue in the case. Appellant maintains it is well established law that a defendant is entitled to an instruction on every issue raised by the evidence. He asserts the facts of the case support his claim he did not know the car he was driving was stolen. On or about December 7, 1980, a 1975 Oldsmobile belonging to Leslie Weber was stolen from the garage where it was being repaired. Approximately ten days later appellant was arrested while driving the same automobile after it had been observed by police officers as having an altered license plate and a punched out trunk lock. Appellant maintained he had borrowed the car from a friend and had no knowledge it was stolen.

At trial appellant produced Victor Jones who testified he had purchased the automobile from a co-worker on December 11, 1980. Mr. Jones stated he loaned the automobile to Cynthia Conners a few days later. Cynthia Conners testified to having loaned the automobile to appellant the day before he was arrested. Both witnesses testified to the belief that Jones was the true owner of the automobile and that appellant was driving the car with Conners' permission. Because of this testimony, appellant argues the trial court erred in not charging the jury on mistake of fact.

We disagree. We find no error in the failure of the trial court to instruct the jury on appellant's requested charge. First,

we see the issue of mistake of fact as irrelevant in a criminal charge of unauthorized use of a motor vehicle. The Texas Penal Code, § 31.07 provides:

(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

The Court of Criminal Appeals has held the elements of this offense to be: (1) a person (2) intentionally or knowingly (3) operates an airplane, boat or motor-propelled vehicle (4) without the effective consent of the owner. *Musgrave v. State*, 608 S.W.2d 184, 189 (Tex.Cr.App.1980); *Neely v. State*, 571 S.W.2d 926 (Tex.Cr.App.1978). In interpreting these elements the Court has further held there is no requirement that the state prove a defendant knew or should have known he was operating the motor vehicle without the owner's effective consent, or that the vehicle was stolen. All that is necessary is a showing the defendant intended to operate the vehicle, and that such operation was without the owner's consent. *Musgrave v. State*, 608 S.W.2d, at 189–190. It is therefore irrelevant whether the appellant knew he was driving the car of a friend or one that was stolen. An accused's knowledge he is acting without the owner's consent is not an element of the offense. *Id.* at 191. The requested charge was unnecessary and the trial court did not err in refusing to so instruct the jury.

■ In addition, we agree with the state that the evidence did not support a charge on mistake of fact. Appellant claims the testimony of his witnesses showed he possessed no knowledge the car was stolen. Appellant, however, chose not to testify at the trial, so any testimony by the witnesses as to what appellant knew was merely conjecture. There was testimony, however, by both Mr. Jones and Ms. Conners that the license plates were not altered when loaned to appellant. According to the arresting officers, appellant also changed his story of how he came in possession of the automobile. This evidence, taken with the lack of supporting evidence of appellant's mistaken belief, and seen in light of the necessary elements of the offense, made appellant's requested change unnecessary. This ground of error is overruled.

■ In his second ground of error appellant complains of trial court error in failing to instruct the jury on the full definition of "owner." Appellant requested the trial court give the following definition found in § 1.07(a)(24) of the Penal Code:

"Owner" means a person who has title to the property, possession of the property, *whether lawful or not*, or a greater right to possession of the property than the actor.

(emphasis by appellant). Appellant contends he believed Victor Jones was the owner of the automobile, and the "whether lawful or not" clause would have appraised the jury of his intent. This argument, once again, is irrelevant when seen in light of *Musgrave*. Proof of appellant's knowledge of the true owner's identity is not an element of the offense of unauthorized use. Any error in the omission of the clause would be harmless.

■ Furthermore, the record reveals the court accepted most of appellant's requested charge and counsel for appellant acceded to the finalized definition of owner as given by the trial court. A charge submitted to a jury and agreed to by an accused cannot form the basis for reversible error. *Ayers v. State*, 606 S.W.2d 936 (Tex.Cr.App.1980); *Garcia v. State*, 581 S.W.2d 168 (Tex.Cr.App.1979). This ground of error is overruled.

Judgment affirmed.