Carlton LYNCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 467–82.

Court of Criminal Appeals of Texas, En Banc.

Jan. 12, 1983.

Stanley C. Kirk, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Ray Elvin Speece and J.R. Seeman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

---

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of unauthorized use of a motor vehicle, V.T.C.A., Penal Code Sec. 31.07. Punishment, enhanced under V.T.C.A., Penal Code Sec. 12.42(d), is life. Appellant's petition to review the Court of Appeals' decision, 635 S.W.2d 172 (1982), was granted so that we could consider whether it was error to refuse appellant's requested charge on the defense of mistake of fact. V.T.C.A., Penal Code Sec. 8.02.

Appellant testified in his own behalf, telling the jury in substance that an acquaintance had given him the keys to the van in question so he could borrow the van to pick up his motorcycle from a repair shop. The question is whether the defensive evidence raised the issue of mistake of fact, because if it did appellant was entitled to an affirmative submission of the issue. *Montgomery v. State,* 588 S.W.2d 950; *London v. State,* 547 S.W.2d 27.

Sec. 8.02, supra, provides in relevant part:

"(a) It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense."

The Court of Appeals overruled the ground of error because the charge on the offense required the jury to find the intent element of the offense. This approach overlooked the rule that entitles a defendant to an *affirmative* submission of defenses raised by the evidence. See *Montgomery* and *London,* supra. The Court of Appeals relied on *Musgrave v. State,* 608 S.W.2d 184. That case, however, concerned the sufficiency of the evidence to prove the offense of unauthorized use of a motor vehicle. The issue presented here is whether the evidence raised the defense of mistake of fact. Here appellant presented evidence that his use of the van was with the permission of the person who gave him the keys and who was apparently authorized to consent to use of the vehicle. To hold such

innocent use is no defense would be to make Sec. 31.07, supra, a strict liability offense. The evidence raised the issue of whether appellant was operating under a mistake of fact. It was error to refuse the requested charge on that defense.

The judgments of the Court of Appeals and the trial court are reversed and the cause is remanded to the district court.