**Daniel Edward BURKHOLDER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 63901.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1983.

Rehearing Denied Dec. 14, 1983.

Mike DeGeurin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carl Haggard and Tom Royce, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

sion, is pure and simple dictum, and lacks the force of an adjudication. See *Black's Law Dictionary* 409 (1979 Edition).

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for assault. After finding appellant guilty, the court assessed punishment at one year, probated.

On March 31, 1978, appellant accompanied Dawn Moody Epps to her former residence. As appellant stood waiting outside the house, Charles Lee Epps, Dawn's estranged husband, drove into the driveway and got out of his car. Words were exchanged and appellant drew a pistol. Dawn then came out of the house and as she and appellant walked to his car, appellant fired a shot. Appellant testified he did not aim the gun at Charles but instead fired it in the air; Charles, however, testified "the bullet hissed right by my ear."

The indictment charged appellant with the offense of aggravated assault, a third degree felony, and alleged he did "intentionally and knowingly threaten imminent bodily injury to Charles Lee Epps with the use of a deadly weapon, namely, a handgun." The court in its judgment, however, found the appellant guilty of Class A misdemeanor assault.

V.T.C.A., Penal Code, Sec. 22.01 in pertinent part provides:

"(a) A person commits an offense if he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another, including his spouse; or

"(2) intentionally or knowingly threatens another with imminent bodily injury, including his spouse; or

"...

"(b) An offense under Subsection (a)(1) of this section is a Class A misdemeanor ...

"(c) An offense under Subsection (a)(2) of this section is a Class C misdemeanor ..."

"Causes bodily injury to another" thus is an essential element of a Class A misdemeanor assault. Sec. 22.01(a)(1), supra. Appellant contends the evidence is insufficient to support his conviction because there is no evidence he caused bodily injury to another.

■ The State argues, "it is obvious from the record that the court found it in the interest of justice to enter a judgment of guilt and punish for a Class A misdemeanor pursuant to the authority granted by" V.T.C.A. Penal Code, Sec. 12.44. Sec. 12.44 provides in pertinent part:

"Reduction of Third-Degree Felony to Misdemeanor.

"(a) A court may set aside a judgment or verdict of guilty of a felony of the third degree and enter a judgment of guilt and punish for a Class A misdemeanor if, ... the court finds that such sentence would best serve the ends of justice."

The record reflects the following:

"THE COURT: Anything further from either side, gentlemen? Any argument?

"MR. ROYCE [prosecutor]: No, Your Honor.

"MR. DENISCO: I would like to say one or two words, Your Honor, in defense of Mr. Burkholder ...

"MR. ROYCE: I have nothing, Judge.

"THE COURT: Stand up, please. Daniel Edward Burkholder, the Court finds you guilty of the class A misdemeanor offense of simple assault.[1] All right, gentlemen, do you want to proceed on punishment?"

In the reported cases applying Sec. 12.44, the procedure followed is to first find the defendant guilty of the felony, and then set aside the verdict, and convict and punish as a Class A misdemeanor. See e.g., *Briones v. State*, 595 S.W.2d 546 (Tex.Cr.App.1980); *Mahome v. State*, 542 S.W.2d 177 (Tex.Cr.

---

1. The judgment form reflects the following:

"... after having the indictment, the Defendant's plea of Not Guilty thereto, and the evidence submitted, the Court found the Defendant guilty of the offense of assault, a Class A misdemeanor...

"It is therefore considered, ordered and adjudged by the Court that the Defendant is guilty of the offense of assault, a Class A misdemeanor ..."

App.1976); *Trippel v. State,* 535 S.W.2d 178 (Tex.Cr.App.1976). This approach appears to be consistent with the procedure outlined in Sec. 12.44(a), supra.

In the instant case, appellant was convicted of a Class A misdemeanor without a prior judgment or verdict of guilty of a felony, as required by Sec. 12.44. In addition there is nothing to suggest that the court found that a conviction for a lesser offense "would best serve the ends of justice." Since the proper procedure was not followed, and since there is nothing in the record to indicate that the court was operating under Sec. 12.44, we cannot adopt the State's position.

The record clearly reflects that appellant did not cause "bodily injury to another" as required for a conviction for Class A misdemeanor assault. V.T.C.A. Penal Code, Sec. 22.01, supra. Thus the evidence is insufficient to sustain the conviction. Because we find the evidence to be insufficient, the constitutional guarantee against double jeopardy precludes further prosecution of this cause. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

The judgment is reversed and ordered reformed to show an acquittal.

TEAGUE, Judge, dissenting.

The majority correctly points out that Daniel Edward Burkholder, appellant, was tried by the court and convicted on an indictment charging him with committing the offense of aggravated assault. It was alleged that appellant did "intentionally and knowingly threaten imminent bodily injury to Charles Lee Epps with the use of a deadly weapon, namely, a handgun."

The record further reflects that after all of the evidence was presented, and argument had, the trial judge found appellant "guilty of the Class A misdemeanor offense of assault." The record does not reflect that the trial judge, when she found appellant guilty of the lesser offense of assault, mentioned the provisions of V.T.C.A., Penal Code, Sec. 12.44. That statute provides that a third degree felony may be reduced to a "Class A misdemeanor," if, after certain findings are made, "the trial court [further] finds that such sentence would best serve the ends of justice."

Assault may be a lesser included offense of aggravated assault. See Art. 37.09, V.A. C.C.P. Thus, it was permissible for the trial judge to find appellant guilty of committing the lesser offense of assault. However, as seen by the provisions of V.T.C.A., Penal Code, Section 22.01,[1] an assault is a

1. V.T.C.A., Penal Code, Section 22.01 provides as follows:
  (a) A person commits an offense if he:
    (1) intentionally, knowingly, or recklessly causes bodily injury to another, including his spouse; or
    (2) intentionally or knowingly threatens another with imminent bodily injury, including his spouse; or
    (3) intentionally or knowingly causes physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provacative.
  (b) An offense under Subsection (a)(1) of this section is a Class A misdemeanor unless the offense is committed by the owner or an employee of an institution described in Subsection (a), Section 2, Chapter 413, Acts of the 53rd Legislature, Regular Session, 1953, as amended (Article 4442c, Vernon's Texas Civil Statutes), or a person providing medical or psychiatric treatment at an institution described in that subsection, and the offense is committed by causing bodily injury to a patient or resident of

an institution described in that subsection, in which event the offense is a felony of the third degree.
  (c) An offense under Subsection (a)(2) of this section is a Class C misdemeanor unless:
    (1) the offense is committed by the owner or an employee of an institution described in Subsection (a), Section 2, Chapter 413, Acts of the 53rd Legislature, Regular Session, 1953, as amended (Article 4442c, Vernon's Texas Civil Statutes), or a person providing medical or psychiatric treatment at an institution described in that subsection, and the offense is committed by threatening a patient or resident of an institution described in that subsection with bodily injury, in which event the offense is a Class B misdemeanor; or
    (2) the offense is committed against a classroom teacher, counselor, principal, or other similar instructional or administrative employee of a primary or secondary school accredited by the Texas Education Agency while engaged in performing his educational duties, in which event the offense is a Class B misdemeanor.

Class A misdemeanor only if the defendant "intentionally, knowingly, or recklessly causes bodily injury to another." In this instance, the record clearly reflects that Epps did not sustain any bodily injuries as a result of the acts of appellant.

The brief facts before us reflect that appellant and Epps came into contact with one another at the former residence of Epps and his former wife. Epps' former wife was also present. The record further reflects that Epps' former wife had commenced going with appellant shortly before she had filed a divorce suit against Epps. As to what happened on the day in question, I believe it is sufficient to state that after Epps and appellant confronted one another, words were spoken and acts committed. However, Epps did not sustain any bodily injuries as a result of appellant's acts.

In this instance, the elements of the "Class A misdemeanor offense of assault" were neither pled nor proved. However, the State did allege and prove that appellant "intentionally and knowingly threaten[ed] imminent bodily injury to Charles Lee Epps."

Upon authority of *Moss v. State,* 574 S.W.2d 542 (Tex.Cr.App.1978), and *Jones v. State,* 532 S.W.2d 596 (Tex.Cr.App.1976), and the record before us, I believe that appellant is guilty of committing the "Class C misdemeanor offense of assault." I would therefore reform the judgment of conviction to reflect that appellant has been convicted of committing the "Class C misdemeanor offense of assault."

I also observe that the trial judge assessed punishment at one year confinement in the Harris County jail, but ordered that sentence probated. At the time of appellant's conviction, the permissible punishment for committing the "Class C misdemeanor offense of assault" was by a fine not to exceed $200. Thus, the punishment

assessed by the trial court was excessive. However, as the trial court assessed the punishment, this Court has authority to remand the cause to the trial court, for it to assess the proper punishment, "by a fine not to exceed $200."

For all of the above reasons, I find that the majority erroneously grants appellant an acquittal. To such action I must respectfully dissent.

McCORMICK, J., joins.

---

(d) An offense under Subsection (a)(3) of this section is a Class C misdemeanor unless the offense is committed against a classroom teacher, counselor, principal, or other similar instructional or administrative employee of a primary or secondary school accredited by the Texas Education Agency while engaged in performing his educational duties, in which event the offense is a Class B misdemeanor.