Darrell Wayne ABRAM, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–85–147–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 14, 1985.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Tim Horan, Asst. Dist. Attys., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

Darrell Wayne Abram appeals a conviction for unauthorized use of a motor vehicle. The jury assessed punishment at six years imprisonment. Appellant asserts in his two grounds of error that the trial court erred (1) in refusing his requested charge on mistake of fact; and (2) in denying his motion for mistrial during the punishment phase of the trial. We affirm.

Appellant was convicted of unauthorized use of a white Cadillac owned by Robert Garcia. On December 1, 1984, Garcia parked the car outside the Gulf State Theater. When he left the theater at 10:30 p.m. the car was gone. About 1:00 a.m. on December 2, Houston Police Officer T.W. Hartnett and his partner spotted a white Cadillac with a burnt-out license plate light on the South Freeway. The car was occupied by two black males. When the officers signaled the driver to pull over, the Cadillac sped off. Officer Hartnett lost sight of the vehicle during the chase; but another patrolman, Officer Zitzman, spotted the Cadillac and pursued it into an apartment parking lot where the Cadillac crashed into a truck. According to Officer Zitzman, the only person to emerge from the car was the driver whom the officer identified as the appellant.

Appellant admitted to having been in the car but claimed he had been the passenger. Appellant claimed that on December 1, 1984, he was picked up by a prostitute named Sherry who was driving a white Cadillac. They went to a motel on South Main where Sherry robbed him of his money and clothes and fled, leaving the Cadillac. Appellant stated he found the car keys under the floor mat, drove home to get more clothes, and then proceeded to drive around looking for Sherry. Appellant claimed that he picked up Sherry's pimp, Jerry, who took the wheel and that Jerry was driving during the police chase.

Appellant's first ground of error asserts the trial court erred in refusing appellant's requested charge on mistake of fact. Section 8.02(a), Tex.Penal Code Ann. (Vernon 1974), states:

It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for the commission of the offense.

Appellant's requested charge on mistake of fact stated:

It is a defense that if the defendant, through mistake, formed a reasonable belief that the automobile belonged to Sherry he was entitled to use the vehicle under the circumstances. If you so find that the defendant was operating under this mistake of fact you will acquit the defendant.

■ Appellant claims he was entitled to a charge on the issue of mistake of fact because he believed Sherry owned the car. Even though there is evidence in the record that appellant reasonably believed Sherry owned the car or at least was apparently authorized to consent to its use, there is no evidence that appellant, through mistake, formed a *reasonable* belief that he had the consent of Sherry to use the car. Appellant testified he thought under the circumstances he had the right to take the car to try to find Sherry. That is not evidence of a reasonable belief by appellant that he had her consent to use the car. Absent such evidence appellant was not entitled to a charge on mistake of fact. The first ground of error is overruled.

Appellant's second ground of error contends the trial court erred in denying his motion for mistrial during the punishment phase of the trial.

■ During the trial on the guilt-innocence phase appellant testified that he had previously been convicted of aggravated robbery and unauthorized use of a motor vehicle. At the beginning of the punishment phase of the trial, the entire indictment, including an enhancement paragraph

on the aggravated robbery conviction, was read to the jury. Appellant pled not true to the enhancement paragraph. The state then reoffered into evidence all the testimony elicited by the state in its case in chief at the guilt-innocence phase of the trial and tendered appellant's penitentiary packet into evidence. A bench hearing on the "pen packet" was then held outside the presence of the jury. When the jury returned, the state abandoned the enhancement paragraph and again reoffered into evidence the testimony from the guilt-innocence phase of the trial. Appellant did not object to admission thereof but moved for a mistrial on the grounds he had already been prejudiced by pleading to the enhancement paragraph and the offer of the "pen packet" in evidence before the jury. The court denied the motion for mistrial.

At the punishment phase of the trial the prosecutor properly sought to use evidence introduced during the guilt-innocence phase of the trial concerning appellant's prior criminal record. Article 37.07, section 3(a), Tex.Code Crim.Proc. (Vernon 1981) states that in a punishment hearing:

> Regardless of the plea and whether punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, and his general reputation and his character.

Thus, even without the enhancement paragraph of the indictment, the state was entitled to prove up the prior conviction as part of the punishment hearing. Appellant's second ground of error is overruled.

We affirm the judgment.