**Charles David DUBOSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14-86-579-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 28, 1987.

Catherine Greene Burnett, Houston, for appellant.

John B. Holmes, Jr., Linda A. West, Nancy Conlin, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for unauthorized use of a motor vehicle under

Section 31.07 of the Texas Penal Code. Appellant pled not guilty to the offense, was tried by a jury and found guilty as charged. His punishment, enhanced by two prior felony convictions, was assessed by the jury at twenty-five years confinement in the Texas Department of Corrections. We reverse the conviction and remand the cause for a new trial.

Appellant asserts five points of error. In his second point of error, Appellant contends the trial court erred in refusing his requested charge on the defense of mistake of fact. We agree with Appellant's contention.

The record reveals that a Mr. H.G. Elias rented a yellow Chevrolet Cavalier, license plate number 102 HVK, from Avis Rent-Car on July 21, 1985. The car was supposed to be returned on July 24, 1985. On August 5, 1985, the security manager for Avis, Mr. Robert Suelter, received a phone call from a Texaco Oil Corp. employee informing him that this automobile had been involved in an "altercation" at a Texaco station. Mr. Suelter testified that he contacted Mr. Elias and was told that he had left the car parked on the street outside of the Avis office on the evening of July 26, 1985, with the keys and rental contract over the visor. Mr. Suelter then reported the car stolen.

Houston Police Officer W.J. Bearden testified that on August 13, 1985, at 2:00 a.m. he observed Appellant driving the vehicle in question the wrong way on a one way street without any headlights. Appellant pulled into the parking lot of a convenience store and Officer Bearden followed. Officer Bearden asked Appellant for his driver's license. Appellant was unable to produce a license but gave the officer his name. When the officer noticed broken window glass on the floorboard of the car he called in the license plate number and was advised that the car was stolen. Appellant was then placed under arrest.

Appellant testified that approximately six to eight hours prior to his arrest he borrowed the automobile from a Mr. Eddie Bradrick (A.K.A. "Fast Eddie") to move his belongings. He further testified that he believed Eddie was lawfully in possession of the car when he borrowed it and that he had no reason to suspect otherwise. He received Eddie's permission to use the car and Eddie gave him the keys. Appellant testified he thought Eddie had rented the car from Avis because he saw "some papers" with Avis printed on them in the glove box but he did not take them out and read them. He testified that he had seen Eddie driving the car previously and that "it seemed like he had had it a couple of months." He had also seen several other people he knew driving the car. Appellant stated that he did not know where Fast Eddie lived presently because he left town shortly after Appellant's arrest.

The defense called three other witnesses who each testified that they had borrowed this vehicle from "Fast Eddie." They all stated that Eddie told them that he rented the car from Avis. Two witnesses testified that Eddie had shown them "papers" with Avis printed on them which he kept in the glove compartment of the car. All had noticed that the window on the driver's side was broken. One witness explained that Eddie told him he had locked the keys inside and had to break the window to get in the car. The testimony of these three witnesses varied as to the time period that Eddie had been in possession of the car from a month and a half to "a couple of months" prior to Appellant's arrest.

Appellant objected to the court's charge to the jury and requested an instruction on mistake of fact regarding Appellant's belief that Eddie had the authority to give Appellant permission to use the vehicle. The trial court denied Appellant's request. We find the decision of the Court of Criminal Appeals in *Lynch v. State*, 643 S.W.2d 737 (Tex.Crim.App.1983) to be controlling on this point. In *Lynch*, the court held that where the defendant presented evidence that his use of the vehicle was with permission of the person who gave him the keys and was apparently authorized to consent to his using the vehicle, the evidence raised the defense of mistake of fact. The trial court's refusal to submit a requested charge on that defense was held reversible

error. *Lynch v. State,* 643 S.W.2d at 738; *Bonner v. State,* 426 S.W.2d 869, 871 (Tex. Crim.App.1968); *See Abram v. State,* 700 S.W.2d 708, 709 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd); *see also Simonsen v. State,* 662 S.W.2d 607, 611–612 (Tex.App. —Houston [14th Dist.] 1983, pet. ref'd).

The State cites *Johnson v. State,* 635 S.W.2d 564 (Tex.App.—Houston [14th Dist.] 1982, no pet.) for the proposition that knowledge of true ownership is irrelevant; however, we find the facts in *Johnson* distinguishable from those of the present case. In *Johnson,* the appellant did not testify and as a result there was no direct evidence concerning his belief that he had the owner's consent to use the automobile. *Johnson v. State,* 635 S.W.2d at 566; *See Thomas v. State,* 646 S.W.2d 565, 567 (Tex. App.—Houston [1st Dist.] 1982, no pet.). Further, this court in *Johnson* cited *Musgrave v. State,* 608 S.W.2d 184 (Tex.Crim. App.1980) for the proposition that the defendant's knowledge or lack of knowledge that the automobile is stolen is irrelevant. *Johnson v. State,* 635 S.W.2d at 566. However, as the Court of Criminal Appeals explained in *Lynch,* the issue in *Musgrave* was insufficiency of the evidence to prove the offense of unauthorized use of a motor vehicle, *not* the trial court's refusal to charge the jury on mistake of fact as to consent where such a defense was raised by the evidence. *Lynch v. State,* 643 S.W.2d at 738. We find that the evidence adduced in the instant case clearly raised the defense of mistake of fact and we hold that it was reversible error for the trial court to refuse to include the requested charge on that defense. Point of error two is sustained. Our disposition of this point renders it unnecessary for us to consider Appellant's remaining points of error.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.