**Bobby Reno SCHNEIDER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-87-01230-CR.**

Court of Appeals of Texas, Dallas.

Feb. 10, 1989.

John Hagler, Dallas, for appellant.

Yolanda M. Joosten, Dallas, for appellee.

Before McCLUNG, LAGARDE and OVARD, JJ.

McCLUNG, Justice.

Bobby Reno Schneider appeals his conviction for the felony offense of unauthorized use of a motor vehicle. Appellant complains that the evidence was insufficient to support his conviction. We affirm the judgment of the trial court.

The Texas Penal Code section 31.07 defines the offense of unauthorized use of a vehicle as the intentional or knowing operation of another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner. In his sole point of error appellant urges, citing *Gardner v. State*, 736 S.W.2d 179 (Tex.App.—Dallas

1987, pet. granted), that the State is required to prove the requisite mental state as to the effective consent of the owner. *Gardner*, 736 S.W.2d at 182. Even if we assume, but do not so hold, this to be true, the instant case is readily distinguishable from *Gardner*. In *Gardner*, the defendant, upon being stopped, immediately, and in a manner consistent with innocence, explained his possession of the automobile. Further, there was no evidence that the vehicle had been tampered with in any way. In the instant case appellant was seen driving the vehicle in question. This vehicle was later found crashed and abandoned. The ignition switch on this vehicle had been altered so that it could be started with a screwdriver. Appellant was then seen driving a second vehicle. When officers pursued him, he jumped out of this second vehicle and fled on foot. The ignition switch on this second vehicle had also been broken so that it could be started with a screwdriver. We hold that *Gardner* is readily distinguishable from the instant case.

Appellate review of sufficiency is limited to determining whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Girard v. State*, 631 S.W.2d 162, 163 (Tex.Crim.App. 1982); *Lopez v. State*, 630 S.W.2d 936, 940 (Tex.Crim.App.1982). The testimony shows: (1) Appellant was seen by officers operating the vehicle (a truck) in question; (2) this vehicle was found crashed into a fence and abandoned; (3) the truck's ignition switch had been ripped off so that it could be started with a screwdriver or other similar tool; (4) appellant was then seen driving a second stolen vehicle (a car); (5) when pursued by police he abandoned this car, attempting to flee on foot; (6) the ignition switch on the car was also ripped apart so that it could be started with a screwdriver; (7) on the front seat of this second vehicle were three screwdrivers, a pair of vice-grips and a rachet.

We hold that there is sufficient evidence from which a rational trier of fact could conclude that appellant knew that he was operating the truck without the owner's consent. Appellant's sole point of error is overruled. The judgment of the trial court is affirmed.

LAGARDE, J., concurs.

LAGARDE, Justice, concurring.

I concur in the result reached by the majority. I write separately because I am unwilling to "assume, without deciding," that the State is required to prove the requisite mental state as to the effective consent of the owner in light of authority which has already decided the issue.

In *Musgrave v. State*, 608 S.W.2d 184, 191 (Tex.Crim.App.1980) (op. on reh'g), the court expressly rejected the argument that the State had the burden of proving, as an additional element of the offense, that the appellant was aware that he did not have the owner's consent to operate the vehicle. More recently, the Court of Criminal Appeals has held that when a defendant asserts that he operated a vehicle believing he had permission of the owner, he raises a mistake of fact defense and is, upon request, entitled to a mistake of fact charge. *See Woodfox v. State*, 742 S.W.2d 408, 409 (Tex.Crim.App.1987); also *see Lynch v. State*, 643 S.W.2d 737, 738 (Tex.Crim.App. 1983).

Finding the evidence sufficient to prove all elements of the State's case, I would, therefore, affirm.