ACCEPTED
12-15-00068-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/20/2015 12:00:00 AM
CATHY LUSK
CLERK

CASE NO.:12-15-00068-CR & 12-15-00069-CR

IN THE
TEXAS COURT OF APPEALS
TWELFTH SUPREME JUDICIAL DISTRICT
TYLER, TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/19/2015 8:51:49 PM
CATHY S. LUSK
Clerk

On Appeal from Cause No. F1421007 & F1521497
420th Judicial District Court
Nacogdoches County, Texas

FILED

7/19/2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

ANDREW PJ WHITAKER,

Appellant

VS.

THE STATE OF TEXAS

BRIEF OF APPELLANT

Respectfully submitted,

Winfred A. Simmons, II
Attorney for Appellant
115 West Shepherd Avenue
Lufkin, Texas 75904
(936) 632-3242- Telephone
(936) 632-4325- Facsimile
Texas Bar No. 00794636
lawyersimmons@consolidated.net

Pursuant to Rule 75 of the Texas Rules
of Appellate Procedure, Appellant
does requests oral argument.

<u>IDENTITY OF PARTIES AND COUNSEL</u>

Pursuant to Tex. R. App. P. 55.2 (a), the following is a list of parties to the trial court's judgment and the names and addresses of trial and appellate counsel.

1.      Andrew PJ Whitaker,  Appellant

2.      John Boundy
        Counsel for Appellant at trial
        2428 Douglas Road
        Nacogdoches, Texas 75961
        (936) 371-9484

3.      Winfred A. Simmons, II
        Counsel for Appellant on Appeal
        115 West Shepherd Avenue
        Lufkin, Texas 75904
        (936) 632-3242

4.      Cristian Lane
        Counsel for The State of Texas at Trial
        Assist. District Attorney for Nacogdoches County
        101 W. Main Street
        Nacogdoches, Texas 75961
        (936) 560–7766

5.      Andrew Jones
        Counsel for The State of Texas on Appeal
        Assist. District Attorney for Nacogdoches County
        101 W. Main Street
        Nacogdoches, Texas 75961
        (936) 560–7766

6.      The Honorable Edwin A. Klien
        Trial Judge, 420th Judicial District Court
        Nacogdoches County
        101 W. Main Street
        Nacogdoches, Texas 75961
        (936) 560–7848

## TABLE OF CONTESTS

PAGE

Identify of All Parties.................................................................. i.

Table of Contents...................................................................... ii.

Index of Authorities.................................................................. iii.

Statement of the Case............................................................... v.

Issues Presented....................................................................... v.

Statement of Facts.................................................................... v.

Summary of Argument.............................................................. vi.

Argument................................................................................. 1.

Prayer..................................................................................... 11.

Certificate of Service............................................................... 11.

# INDEX OF AUTHORITIES

CASES:                                                                 PAGE

Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985).      2,3,4

Banks v. State, 530 S.W.2d 940 (Tex. Crim. App. 1975).      9

Burkholder v. State, 660 S.W.2d 540 (Tex. Crim. App. 1983).      6

Burks v. United States, 437 U.S. 1, 57 L.Ed.2d 1, 98 S.Ct. 2141 (1978).      6

Copeland v. State, 747 S.W.2d 14 (Tex. App.– Houston [1st. Dist.] 1988, no pet.)      6

Gardner v. State, 780 S.W.2d 259 (Tex. Crim. App. 1989).      2, 6

Green v. Massey, 437 U.S. 19, 57 L.Ed.2d 15, 98 S.Ct. 2151 (1998).      7

Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).      6

King v. State, 953 S.W.2d 266 (Tex. Crim. App. 1997).      9

Malik v. State, 953 S.W.2d 234 (Tex. Crim. App. 1997).      3

McQueen v. State, 781 S.W.2d 600 (Tex. Crim. App. 1989).      2,5

Lynch v. State, 643 S.W.2d 737 (Tex. Crim. App. 1983).      2,4,5,8

Posey v. State, 966 S.W.2d 57 (Tex. Crim. App. 1998).      2,3,4

Rankin v. State, 995 S.W.2d 210 (Tex. App. – Houston [14th Dist.] 1999, pet. ref'd).      9

Ryland v. State, 101 S.W.3d 107 (Tex. Crim. App. 2003).      7

Saunders v. State, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995)      3

Strickland v. Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 91984).      7

Skillern v. State, 890 S.W.2d 849 (Tex. App. – Austin 1994, pet. ref'd).      9

Soliz v. State, 97 S.W.3d 137 (Tex Crim. App. 2003).      9

State v. Blankenship, 170 S.W.3d 676 (Tex. Crim, App. 2005).      9

Van Gulder v. State, 709 S.W.2d 178 (Tex. Crim. App.) *cert. denied,*
              467 U.S. 1169, 106 S.Ct. 2891,90 L.Ed. 2d 978 (1986)      6

## RULES AND STATUTES

Texas Penal Code Ann. 1.07 (35)      4

Texas Penal Code Ann. 31.07      2

Texas Rules Appellant Procedure 44.2      9, 10

CASE NO.:12-15-00068-CR & 12-15-00069-CR

_____

IN THE

TEXAS COURT OF APPEALS

TWELFTH SUPREME JUDICIAL DISTRICT

TYLER, TEXAS

_____

On Appeal from Cause No. F1421007 & F1521497

420th Judicial District Court

Nacogdoches County, Texas

_____

ANDREW PJ WHITAKER,

Appellant

VS.

THE STATE OF TEXAS

_____

BRIEF OF APPELLANT

_____

TO THE HONORABLE COURT OF APPEALS:

<u>STATEMENT OF THE CASE</u>

   In the January term of 2015, Appellant was indicted on one count of Unauthorized

Use of a Motor Vehicle and one count of Evading Arrest. At the close of evidence, on

February 25, 2015, Appellant requested a motion for directed verdict based on the State's

failure of prove venue. The Trial Court denied Appellant's motion. On February 25,

2015, Appellant was found guilty of one count of  Unauthorized Use of a evading arrest

iv.

and one count of Evading Arrest. Appellant was sentenced to thirteen (13) years

confinement in the Texas Department of Criminal Justice– Institutional Division on the

evading count and two (2) years state jail on the unauthorized use count. It is from these

verdicts which Appellant appeals.

For Purposes of clarity, the Appellant will be refer to the Clerk's Record as "CR"

and the Reporter's Record as "RR" and cite the volume and page number in order to not

confuse the two records when citing such documents. When referencing Defense

Exhibits, the abbreviation "DE" will be used.

## ISSUES PRESENTED

1. Whether the appellant was deprived of a fair trial when defense of mistake of fact was raised by evidence but charge was submitted without objection or request?

2. Whether the evidence of unauthorized use of a motor vehicle presented at trial was sufficient to withstand challenge on appeal?

3. Whether the failure to request an instruction on the defense of mistake of fact constitutes ineffective assistance of counsel?

4. Whether appellant was sufficiently harmed by the failure of proof of venue to reverse and remand for a new trial?

## STATEMENT OF THE FACTS

During the January term 2015, Appellant was indicted on one count of

Unauthorized Use of a Motor Vehicle and one count of Evading Arrest. The State

alleged, in its indictment, Appellant committed Unauthorized Use by "intentionally and

knowingly" operate a motor-propelled vehicle without the effective consent of Jesus

Barrios-Quezada .[CR. Vol. 1, Pg. 2]. Appellant does not dispute he was is possession of the vehicle, but denied he knowingly possessed the vehicle without consent of the actual owner.

The State called several witness, including the alleged victim, Jesus Barrios-Quezada, who testified he did not give appellant or anyone else permission to possess his vehicle. [RR. Vol. 3, Pg. 18, ln. 17–19]. The remaining witnesses were victim's sister Guadalupe Barrios who testified she noticed the vehicle was missing. The remaining witnesses, Austin McDonald, Frank Rudisill and Albert Patterson, all officers from Nacogdoches law enforcement who testified that Appellant fled from law enforcement.

On February 25, 2015, Appellant was found guilty by jury and the same jury sentenced Appellant to serve thirteen (13) years confinement in the Texas Department of Criminal Justice– Institutional Division for evading and two (2) years confinement in the State Jail for unauthorized use. It is from these verdicts which Appellant appeals.

## SUMMARY OF THE ARGUMENT

The Trial Court erred failing to charge the jury on the defense of mistake of fact. Further, the evidence is insufficient to justify a verdict of guilt beyond a reasonable doubt as to unauthorized use based upon the total lack of sufficient proof of an essential element of the offense, namely knowledge. The State failed to prove proper venue as to either charge which harmed appellant requiring remand.

## ARGUMENT

**Whether the appellant was deprived of a fair trial when defense of mistake of fact was raised by evidence but charge was submitted without objection or request?**

The appellant was indicted for unauthorized use of a motor vehicle. [CR. Vol 1., Pg. 77]. A person commits the offense of unauthorized use of a motor vehicle if he intentionally or knowingly drives or operates a motor vehicle without the effective consent of the owner. Tex. Penal Code 31.07. Appellant admitted to driving another's vehicle. However, the defendant testified that he had received the keys and believed he had permission to drive from an individual in possession of the vehicle and to which appellant believed he had effective consent of the individual he [appellant] believed to be the "owner". [RR. Vol. 3. Pg.77]. A defendant's knowledge of the lack of consent is one of the elements which must be proven. *Posey v. State,* 966 S.W.2d 57 ( Tex. Crim. App. 1998), *McQueen v. State,* 781 S.W.2d 600 (Tex. Cr. App. 1989); *Gardner v. State,* 780 S.W.2d 259 ( Tex. Cr. App. 1989). The Court has held that such evidence raises the defense of mistake of fact. The court's charge should instruct the jury on the law of mistake of fact. *Lynch v. State,* 643 S.W.2d 737 (Tex. Cr. App. 1983). Appellant's defense was obvious, he believed he had consent of the owner to possess the vehicle.

At this point, appellant must concede that the *Posey* Court has also held that omission of a defensive charge on mistake of fact does not deny appellant a fair trial. *Posey* at 71. However, this ruling stands in stark contrast to a long line of case law and

-1-

precedent. In *Williams*, the defendant was convicted of aggravated kidnaping. The issue arose as to the defensive issue of "release in a safe place". The Court concluded there was sufficient evidence adduced at trial, without defendant's request, to raise the issue as a legal defense. Therefore, the issue should have been submitted to the jury and the trial court's failure to do so was error. Having found "error in the charge" due to the omission of the defensive issue, the next step was to apply harm analysis under *Almanza. Posey* at 76 (quoting *Williams v. State,* 851 S.W.2d 282, 286-89 (Tex. Crim. App. 1983)). *Almanza* specifically refers to *omissions of defensive theories* in the charge absent a request or objection. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Cr. App. 1985). A determination of egregious error analysis does not come into play unless defendant failed to object to the charge. *Posey v. State,* 966 S.W.2d 57, 76 (Tex.Crim. App. 1998). Despite such precedent, the majority in *Posey* ruled that defensive issues do not become applicable to the case unless the defendant either request an instruction or objects to the omission the instruction. Further, the Court of Criminal Appeals have never articulated such a principle. *Id* at 71. In the case at issue, appellant testified uncontradicted that he was unaware that he [appellant] did hot have the consent of the actual owner of the vehicle. Appellant specifically testified an individual to whom he believed to be the owner of the vehicle gave him the keys and permission to possess and operate the subject vehicle. In *Posey* the appellant failed to testify and thus *Posey* should be considered distinguishable and not controlling. An issue does not become 'applicable to the case' by virtue of a party requesting an instruction but rather becomes applicable to the case

through-out the course of trial, when raised by the evidence. *Id* at 71. The responsibility for deciding what law is applicable to the case falls squarely on the shoulders of the trial judge.

Further, in evaluating prosecution cases, appellate courts do not look to the actual charge but instead make a determination based on a "hypothetically correct" charge. *Malik v. State,* 953 S.W.2d 234 (Tex.Crim. App. 1997). An appellant court can determine the theory of prosecution, and accordingly, the law applicable to the case, based on the evidence presented [at trial], so as to fashion a 'hypothetically correct charge". Yet for defensive theories, law only becomes "applicable to the case" by virtue of defense request that it be included in the charge. *See e.g., Sanders v. State,* 817 S.W.2d 688 (Tex. Crim. App. 1991). Such differentiation between prosecution and defensive issues leads to inequitable treatment and ominous results. It is 'error' in the jury charge due to the omission of a defense raised by the evidence. *Williams v. State,* 851 S.W.2d 282 (Tex.Crim. App. 1993). It was error to omit a mistake of fact instruction to the jury in this case. The omission of any defensive issue in the jury charge is error that is subject to *Almanza* analysis.

**HARM ANALYSIS**

In *Almanza* the Court of Criminal Appeals, the Court set out the basic framework for analysis on appeal for preserved and *unpreserved* "errors' in the jury charge. This framework is based on the Court's interpretation of Article 36.19. The Court interpreted that there are two standards of review. One standard for "error appearing on the record

-3-

that was calculated to injure the defendant" applies to errors in overruling objections to the charge which were presented to the trial court. A second, an independent basis, for reversal exist if the error arises even though *not* timely objected to, which is so egregious that it creates such harm that denies the defendant a fair and impartial trial. *Posey,* at 67. (Womack, J., concurring).

In the instant case, the likelihood the jury's decision was adversely affected by the error is great. In an unauthorized use of a motor vehicle case, mistake of fact is raised if the defendant received the keys from someone who was apparently authorized to give them. In such a case, a mistake of fact instruction is required in order to prevent the crime of unauthorized use from being a strict liability crime. *See Lynch v. State,* 643 S.W.2d 737, 738 (Tex. Crim. App. 1983). Here, appellant's uncontradicted testimony was that he [appellant] received to keys to the vehicle from an individual known as "Rummy". [RR. Vol. 3. Pg.77]. *"Owner" means a person who has title to the property, possession of the property, whether lawful or not,....".* Tex. Penal Code Ann. 1.07 (35). "Rummy" met the definition of an "owner" — "Rummy had possession of the property, whether lawful or not...." . A defendant is entitled to affirmative submission of a defense raised by the evidence. *Lynch* at 738. This evidence raised the defense of mistake of fact. The evidence reflects that the only defense that was presented was appellant believed he had effective consent from the "owner" of the vehicle. However, the defense counsel did not object or request a jury instruction on mistake of fact. [RR. Vol. 3. Pg. 92, ln. 5–9]. The jury was not instructed on appellant's sole defense. Again, a mistake of fact

-4-

instruction is *required* in order to prevent the crime of unauthorized use from being a strict liability crime. The jury was not instructed it could find that "Rummy" was an "owner" within the meaning of the statute. The State must prove, at a minium, that the defendant *knew* he lacked consent of the owner or owners of the vehicle. *McQueen,* 781 S.W.2d at 604 n. 5. Considering the absence of a mistake of fact instruction, the jury had to convict even if the jury believed appellant received the keys and permission to drive the vehicle from "Rummy".  A trial in which only one possible result is possible, even if the jury believed the appellant, cannot be fair and impartial. In the instant case, appellant suffered egregious harm as a result the failure to properly instruct the jury.

The Appellant prays this Honorable Appeals Court sustain this point of error, reverse and render a judgment of acquittal.

**Whether the evidence of unauthorized use of a motor vehicle presented at trial was sufficient to withstand challenge on appeal?**

In reviewing sufficiency of the evidence, the evidence is analyzed in the light most favorable to the verdict to determine if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2787–88, 61 L.Ed.2d 560 (1979).

Here, the evidence shows that the appellant was unaware that he did not have consent of the actual owner of the vehicle and could not be guilty of unauthorized use of a motor vehicle. Appellant testified he received the keys to the vehicle from an individual known to appellant as "Rummy". [RR. Vol. 3. Pg.77]. There is no evidence appellant

-5-

knew the vehicle was stolen. No indication on or inside the vehicle that a theft had occurred. Appellant operated the vehicle by using the ignition keys. The State's proof showed no evidence that appellant knew he did not have the owner's consent. Texas law requires such evidence. *Gardner v. State,* 780 S.W.2d 259 ( Tex. Crim. App. 1989). Where an appellant puts on uncontradicted evidence establishing a defense, no rational trier of fact could find appellant guilty beyond a reasonable doubt, appellate courts must reverse. *Van Guilder v. State,* 709 S.W.2d 178, 183 (Tex. Crim. App.), *cert. denied,* 476 U.S. 1169, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986); *Copeland v. State,* 747 S.W.2d 14, 16–17 (Tex.App.– Houston[1st Dist.] 1988, *no pet.).* Where the evidence is insufficient to sustain a conviction on appeal, the court must reverse the conviction and order a judgment of acquittal. *Burkholder v. State,* 660 S.W.2d 540, 542 (Tex. Crim. App. 1983).

Once Appellant has demonstrated that the verdict is found insufficient on all issues, the verdict should not and cannot be allowed to stand. In *Burks v. United States*, 437 U.S. 1, 57 L.Ed.2d. 1, 98 S.Ct. 2141 (1978) and *Greene v. Massey*, 437 U. S. 19, 57 L.Ed.2d 15, 98 S.Ct. 2151 (1978), the Supreme Court held that retrial is **barred** after an appellate determination of insufficient evidence. Therefore, the Appellant prays this Honorable Appeals Court sustain this point of error and reverse the trial court's ruling and prays the case against Appellant be dismissed or, in the alternative, that it be remanded with instruction that Appellant's be acquitted.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

**Whether the failure to request an instruction on the defense of mistake of fact constitutes ineffective assistance of counsel?**

To show, on appeal, ineffective assistance of counsel, Appellant must demonstrate that trial counsel's performance was deficient because it fell below an objective standard of reasonableness, and, but for counsel's errors, the result of the proceeding would have been different *See Strickland v. Washington,* 466 U.S.668, 688, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ryland v. State,* 101 S.W.3d 107, 109–10 (Tex. Crim. App. 2003). A reviewing court must presume that counsel's performance was reasonably effective. *Id,* at 694, 104 S.Ct. At 2068.

In the present case, the only defense presented was the appellant believed he had consent of the owner to possess the vehicle. Despite this obvious fact, trial counsel failed to request a jury instruction as to appellant's mistaken belief.  Appellant's sole defense was that he was under the reasonable but mistaken belief that he [appellant] had permission of the "owner' of the vehicle to possession and drive the vehicle. A reasonably effective trial counsel should have sought a mistake of fact instruction. A mistake of fact instruction is required in order to prevent the crime of unauthorized use from being a strict liability crime.  The Court of Criminal Appeals has held that such evidence raises the defense of mistake of fact, and the trial court's charge should instruct the jury on the law of that defense. *See Lynch v. State,* 643 S.W.2d 737, 738 (Tex. Crim. App. 1983). In this case, a properly submitted jury instruction, the jury could, if believed,

find appellant not guilty because a proper instruction would allow the jury to negate the required culpable mental state for unauthorized use of a motor vehicle. Given trial counsel's failure, conviction became a foregone conclusion because appellant's only defense was, not that he had effective consent of the actual owner, but that he had consent of "Rummy". Since the charge as submitted, required the jury to convict, even if they believed appellant received the vehicle keys and permission to drive from "Rummy". The failure by trial counsel to request a mistake of fact instruction, allowed the jury to convict even if they [the jury] believed appellant's uncontradicted testimony. The charge allowed by trial counsel to be submitted to the jury did not instruct the jury that the jury could find "Rummy" was an "owner" within the definition of an "owner" for the unauthorized use of a motor vehicle statue.

A reasonably effective trial counsel would have sought a mistake of fact jury instruction. The failure to seek such an instruction, particularly under these facts, so egregiously harmed and prejudiced Appellant's defense, rendered counsel ineffective. The likely result would have been different "but for" trial counsel's failure to seek a proper mistake of fact instruction.

Therefore, the Appellant prays this Honorable Appeals Court sustain this point of error and reverse the trial court's ruling and prays the case against Appellant be dismissed or, in the alternative, that it be remanded with instruction that Appellant's be granted a new trial.

**Whether appellant was sufficiently harmed by the failure of proof of venue to reverse and remand for a new trial?**

Venue means the place where the case may be tried. *Soliz v. State,* 97 S.W.3d 137, 141 (Tex.Crim.App. 2003). Venue is not constituent element of the offense charged. *Skillern v. State,* 890 S.W.2d 849, 860(Tex.App.–Austin, 1994, pet. ref'd). Venue need only be proved by preponderance of the evidence. *See* Tex. Code Crim Pro Ann. Art. 13.17 (West 2005); *Banks v. State,* 530 S.W.2d 940, 943 (Tex. Crim. App. 1975). It is presumed that venue was proved at trial unless disputed at trial or the record affirmatively shows the contrary. *See* Tex. R. App. 44.2 (c)(1). A defendant's motion for directed verdict which specifically challenges venue raises the issue of venue on appeal. Failure to prove venue as charged [in the indictment] is reversible error. *Black v. State,* 645 S.W.2d 789, 791 (Tex. Crim. App. 1983). Failure to prove venue when the issue is raised at trial is now subject to a harm analysis rather than automatic reversal of the conviction. *State v. Blankenship,* 170 S.W.3d 676, 683 (Tex. Crim. App. 2005). A determination of the harm is whether it affected [appellant's] substantial rights. *See* Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See King v. State,* 953 S.W.2d 266, 271 (Tex. Crim, App. 1997); *Rankin v. State,* 995 S.W.2d 210, 215 (Tex.App. –Houston [14th Dist.] 1999, pet. ref'd).

Here, appellant raised the issue of venue via timely motion for directed verdict. The State is not entitled to the presumption on appeal that venue was properly proven.

*See* Tex. R. App. 44.2 (c).  Appellant argues the State failed to prove venue within Nacogdoches County, State of Texas. [RR. Vol. 3. Pg.92, ln. 12-21].  Appellant placed venue at issue via his motion for directed verdict. Venue must be proven. The State never requested the court take judicial notice of any venue in this cause. No proof of venue to rises to the level of a preponderance of evidence that venue is proper in Nacogdoches County, State of Texas.  There is no evidence whatsoever connecting either offense charged [UUMV or Evading] to Nacogdoches County, Texas. In a country as large as the United States, it is beyond the realm of reasonability that there could only be on "Nacogdoches County" in a country of this size.

Your appellant is further and more egregiously harmed by the State not having to carry its burden of proof as alleged in the charging instrument.  Prosecutors would no longer be require to prove that the alleged crime was committed within the actual confines of a particular county or even state. Allowing with approval such a "close enough" standard as to proper venue, enables the State to forum shop within Texas. Following this "close enough" standard, defendants could never be assured of defending against allegation within the geographical confines of any one particular county. Prosecutors would merely determine which counties were best suited to gain convictions according to which counties were most likely to convict of a particular crime and prosecute the crime in that venue. Now a defendant is subject to be tired anywhere in the State without any recourse.

PRAYER

WHEREFORE, PREMISE CONSIDERED, the Honorable Appeals Court reverse the judgment of the Trial Court and remand this cause with instructions that Appellant's be acquitted.

Respectfully submitted,

_____
Winfred A. Simmons, II
Attorney for Appellant
115 West Shepherd Avenue
Lufkin, Texas 75904
(936) 632-3242 -Telephone
(936) 632-4325-Facsimile
TBN: 00794636
Email: lawyersimmons@consolidated.net

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that on July 19, 2015, a true and correct copy of this Appellant's Brief was served on all attorney of record or parties.

Andrew Jones
Counsel for The State of Texas on Appeal
Assist. District Attorney for Nacogdoches County
101 W. Main Street
Nacogdoches, Texas 75961
(936) 560–7766

_____
Winfred A. Simmons, II
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

I certify that the number of words in this document is 4090.

_____
Winfred A. Simmons, II