**Larry Joseph HERBERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00341–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 12, 1992.

Bobbi Blackwell, Houston, for appellant.

John B. Holmes, Dist. Atty., Lester Blizzard, Asst. Dist. Atty., for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

TREVATHAN, Chief Justice.

Appellant, Larry Joseph Herbert, was indicted for the offense of unauthorized use of a motor vehicle. After a jury found him guilty of this offense, appellant pled true to two enhancement paragraphs, and the trial court assessed punishment at 25–years confinement. In five points of error, appellant challenges the validity of the indictment, the charge to the jury, the sufficiency of the evidence, and the effectiveness of his counsel. We reverse and render a judgment of acquittal.

We first address appellant's fourth point of error.

■ In his fourth point of error, appellant contends the evidence was insufficient to support his conviction for unauthorized use of a motor vehicle because the undisputed evidence shows that appellant was not aware that he did not have the consent of the owner of the vehicle and could not be guilty of the offense as charged. The statute applicable to the offense is TEX.PENAL CODE ANN. § 31.07 (Vernon 1989), which provides, in relevant part:

> (a) A person commits an offense if he *intentionally* or *knowingly* operates another's boat, airplane or motor-propelled vehicle without the effective consent of the owner.

(Emphasis added.)

In reviewing the sufficiency of the evidence to support a conviction, the evidence is analyzed in a light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2787–88, 61 L.Ed.2d 560 (1979).

Although we agree with our brother in the concurring opinion and believe that we should only look to the evidence introduced before appellant's motion for instructed verdict, the current state of the law requires an analysis of all the evidence introduced in the guilt/innocence and punishment phases of the trial. *De Garmo v. State,* 691 S.W.2d 657, 660–61 (Tex.Crim. App.), *cert. denied,* 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). The statement of facts in its entirety reveals that the vehicle in this case, an automobile, was owned by Wade Shelton, Sr., and that he had loaned his car to his son, Robert Shelton, the complainant in this case. Both father and son testified that they did not give appellant or anyone else permission to use the automobile.

On October 18, 1989, during an aggravated robbery, the automobile was taken. Two days later, while on routine patrol, Officer Michael J. Wright of the Houston Police Department saw appellant driving the automobile. After stopping the automobile and determining that none of the occupants of the automobile was the owner, Officer Wright arrested appellant. While in police custody, appellant stated he obtained the keys to the automobile from an individual known as "Cochese." Appellant consistently denied any involvement in or knowledge of the robbery. The only evidence the State relies on to establish guilt is the assertion that appellant told the arresting officer he would lead the police to the person who stole the car, and appellant's testimony that he was loaned the car by a man named Cochese. Appellant ad-

mitted making the offer; however, he made it after Wright told him the car was stolen. There is no evidence appellant knew the car was stolen before police told him.

■ Although we must construe the evidence in a light most favorable to the decision of the jury, where appellant puts on uncontradicted evidence establishing a defense, no rational trier of fact could find appellant guilty beyond a reasonable doubt, we must reverse. *Van Guilder v. State*, 709 S.W.2d 178, 183 (Tex.Crim.App.), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986); *Copeland v. State*, 747 S.W.2d 14, 16–17 (Tex.App.—Houston [1st Dist.] 1988, no. pet.).

Appellant testified he had known Cochese only for three days, but he had known the man with whom Cochese was staying for several years. Cochese had the keys to the car, and there was no evidence that there was anything about the car's appearance to suggest that it had been stolen. Appellant was not arrested until several days after the theft of the car, and he made no attempt to flee.

Analyzing all the evidence in a light most favorable to the decision of the jury, we find that a rational trier of fact could not have found, beyond a reasonable doubt, that appellant knew he did not have the consent of the owner at the time he used the vehicle.

Where the evidence is insufficient to sustain a conviction on appeal, the court must reverse the conviction, and order a judgment of acquittal. *Burkholder v. State*, 660 S.W.2d 540, 542 (Tex.Crim.App.1983); Tex.R.App.P. 80(b).

Point of error number four is sustained. Because of the disposition of this point, we need not address appellant's remaining points.

The judgment of the trial court is reversed and a judgment of acquittal is rendered. Tex.R.App.P. 80(b), (c).

COHEN concurs.

COHEN, Justice, concurring.

I agree that the evidence in this case is insufficient. In reviewing the evidence, the majority follows controlling Texas law by reviewing all evidence at the guilt/innocence stage of trial, including defense evidence presented after the trial court erroneously overruled appellant's motion for acquittal after the State rested. I continue to believe that considering such evidence is unconstitutional for the reasons stated in my concurring opinion in *Winter v. State*, 725 S.W.2d 728, 731–34 (Tex.App.—Houston [1st Dist.] 1986, no pet.). In order to demonstrate the difference between the Texas rule and what I believe is the correct rule, I will first analyze the evidence before the jury when the court overruled appellant's motion for instructed verdict and then consider all the evidence.

THE EVIDENCE PRESENTED BEFORE THE MOTION FOR ACQUITTAL

The State's evidence showed that appellant, in Harris County, Texas, on October 18, 1989, drove Robert Shelton's car without Shelton's consent. Appellant operated the car by using the ignition keys. Appellant did not flee, did not make incriminating statements, and no evidence showed he knew he did not have the owner's consent. Texas law requires such evidence. *Gardner v. State*, 780 S.W.2d 259, 263 (Tex.Crim.App.1989). Thus, the trial judge erred by overruling appellant's motion for instructed verdict.

PROCEEDINGS AND EVIDENCE AFTER THE MOTION FOR DIRECTED VERDICT

Appellant testified outside the jury's presence immediately after the court overruled his motion for acquittal. He testified he had "reluctantly" decided to testify after the court overruled the motion for acquittal and that he knew "certain records" would be brought out after he testified. This was a reference to appellant's prior felony convictions, which the State later used to impeach his testimony. Appellant then testified before the jury. He testified that the arresting officer, Officer Wright, told him the car had been taken in a robbery two days before, and he responded by

offering to take Wright to 8150 Sharondale Street, approximately a five-minute drive, where Officer Wright could talk to "Cochese," the man who had loaned him the car shortly before the arrest. Wright did not accept the offer. Appellant was then taken to the police station, where he was questioned by Sgt. Stewart. Appellant offered to take Sgt. Stewart to Sharondale Street to see Cochese. Sgt. Stewart did not accept the offer. In making these offers to Officer Wright and Sgt. Stewart, appellant said he would take them to the person who stole the car. Appellant's uncontradicted testimony was that he did not know the car was stolen until Officer Wright told him, and only after that did he make the offer.

On appeal, the State contends appellant obviously knew the car was stolen if he offered to take police to the thief. Appellant responds that when he learned for the first time from police that the car was stolen, he assumed Cochese was the robber because he possessed the car so soon after the robbery.[1]

UNCONSTITUTIONALITY OF THE PRESENT RULE OF APPELLATE REVIEW

The State does not contend the evidence it presented was sufficient. In fact, of its three record citations in answer to this point of error, only one refers to evidence during the State's case in chief, and that refers to the weakest evidence of all, the purportedly evasive turns. Rather, the State relies on appellant's "reluctant" testimony, which was given only *after* the trial court erroneously overruled the motion for instructed verdict. Unfortunately, Texas law allows this. In *DeGarmo v. State*, 691 S.W.2d 657, 660–61 (Tex.Crim.App.1985), the court unanimously held that punishment stage evidence could be used to determine whether the evidence was sufficient to support the guilty verdict. The court stated that in reviewing the sufficiency of

the evidence, it would consider all evidence at both stages of trial. *Id.*

This reasoning is obsolete. It is based on law that was in effect in Texas before the United States Supreme Court decided *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). The law in Texas before *Burks* and *Greene* was that cases were remanded for a retrial if the evidence of guilt was insufficient. Until then, Texas law held it would be "an exercise in futility" to reverse and remand a case due to insufficient evidence at the guilt stage because the defendant's confession at the punishment stage would be used against him on a retrial. *Boothe v. State*, 474 S.W.2d 219, 221 (Tex.Crim.App.1971). That changed abruptly after *Burks* and *Greene*. In *Burks*, the Court unanimously held that acquittal was the sole remedy for insufficient evidence, and it reached this result even though *Burks* requested a new trial, and on appeal, admitted his guilt. 437 U.S. at 3, 98 S.Ct. at 2142. The Court wrote, "It cannot be meaningfully said that a person 'waives' his right to a judgment of acquittal by moving for a new trial." 437 U.S. at 17, 98 S.Ct. at 2150. The unanimous Supreme Court was blunt and uncompromising: "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.... [W]here the Double Jeopardy Clause is applicable, its sweep is absolute. There are no 'equities' to be balanced, for the Clause has declared a constitutional policy, based on grounds which are not open to judicial examination." 437 U.S. at 11, n. 6, 98 S.Ct. at 2147, n. 6. I would hold that if moving for a new trial does not waive the insufficiency of the evidence, neither does presenting evidence after the trial court erroneously overrules the motion for ac-

---

**1.** The State relies most heavily on appellant's statement. The only other evidence the State cites is some "evasive" turns appellant made, but these *were* made before police attempted to stop him; no witness testified appellant drove evasively. Finally, the State argues appellant's

guilty knowledge is shown by the fact that he did not know Cochese's real name and Cochese probably would not have let a stranger drive his car. Even if true, this does not show appellant knew Cochese was not an owner.

quittal. *Contra Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Crim.App.1981).

My words in *Winter* about using punishment stage evidence to prove guilt apply equally here, where the State relies on evidence that would never have been heard if the trial judge had ruled correctly and granted appellant's motion for acquittal when the State rested, as he should have:

> The reason I would hold the rule unconstitutional is that once a judge erroneously overrules a motion for acquittal, based on insufficient evidence at the guilt stage of trial, any proceedings thereafter are void. The State, having failed to present sufficient evidence, should not be given a second chance to prove guilt at the punishment stage. The double jeopardy clause protects not only against a second punishment, but against a second jeopardy; that is, after the defendant has been once put in jeopardy at the guilt stage of the trial, and the State's proof has failed, the State has no right to conduct a punishment hearing and none would be conducted under those circumstances, except for the judge's error in overruling the motion for acquittal. Consequently, when an appellate court uses evidence from the punishment stage to cure insufficiency of the evidence at the guilt stage, it is using evidence presented in a void proceeding, and such evidence is itself void.... That is what happened in this case.
>
> . . . .
>
> This, in my respectful opinion, denies valuable rights guaranteed under the Fifth Amendment to the United States Constitution; under Article 1, Section 14 of the Texas Constitution; and under article 1.10 of the Code of Criminal Procedure. Both the Texas constitutional provision and the statute provide:
>
>> No person, for the same offense, shall be twice put in jeopardy of life or liberty nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.
>
> When a trial judge erroneously overrules a motion for instructed verdict of acquittal, then a defendant, upon the commencement of the punishment stage, is being again put in jeopardy for the same offense, after a verdict of not guilty should have been rendered. That error is compounded if evidence from the void punishment hearing is used to prove essential facts, the absence of which during the guilt stage should have resulted in a verdict of not guilty.
>
> I would hold that using punishment stage evidence to cure insufficient evidence at the guilt stage violates the Texas and the United States Constitutions and Texas statutes. The reason for the rule ended on June 14, 1978, when *Burks* and *Greene* were decided, and now the rule should be interred....

*Winter*, 725 S.W.2d at 733–34.

If references to the punishment stage in this quotation are taken to mean proceedings at the guilt stage after the erroneous denial of the motion for acquittal, these words apply perfectly to this case. In my opinion, this is the only result allowed under the double jeopardy clause. If the State presents insufficient evidence and the trial judge, not recognizing that, erroneously denies a motion for acquittal at the close of the State's case, it is unfair to use evidence from *any* further proceeding against the defendant. He should not even be there. The trial should have ended by the granting of the motion for acquittal, and he should have been discharged. By considering later presented evidence to decide sufficiency, the courts allow the State to benefit both from its own failure to present sufficient evidence and from the trial judge's erroneous denial of the defendant's constitutional right to an acquittal. This case is a typical example of the harm from such error: the judge's erroneous ruling forced the defendant to testify and now the State seeks to use that testimony to cure the insufficiency of its own evidence. This, I think, is more than the law allows. If, as Justices Burger and Rehnquist stated in *Burks*, the Double Jeopardy Clause's sweep is absolute and there are no equities to be balanced, I believe the only constitutional solution, in cases where the defendant has moved for acquittal, is to consider

**512**

*only* the evidence presented before the motion. Because *DeGarmo* and *Kuykendall* hold to the contrary, they should be overruled.

There is another reason the State should not benefit from the defendant's evidence. The present rule forces a defendant to choose between two precious fifth amendment rights, the right to freedom from double jeopardy and the right to present evidence. Under *Kuykendall,* if the defendant presents evidence, he waives his right to acquittal (and thus double jeopardy) based on insufficient evidence in the State's case. In *Simmons v. United States,* 390 U.S. 377, 389–94, 88 S.Ct. 967, 973–74, 19 L.Ed.2d 1247 (1968), the Court held that a defendant could not be forced to give up his fifth amendment right against self-incrimination in order to assert his fourth amendment right against illegal search and seizure. Thus, incriminating testimony at the motion to suppress hearing could not be used against a non-testifying defendant at trial. *Id.* at 394, 88 S.Ct. at 976. If a defendant cannot be made to sacrifice his fifth amendment rights in order to preserve his fourth amendment rights, he should not be forced to give up one fifth amendment right, double jeopardy, in order to assert another, due process. That is a type of "Hobson's choice" to which "this [Supreme] Court has always been peculiarly sensitive." *Id.* at 391, 393, 88 S.Ct. at 974, 975. The *Simmons* court declared it "intolerable that one constitutional right should have to be surrendered in order to assert another." *Id.* at 394, 88 S.Ct. at 967. The same is true here.

The majority has applied an unconstitutional rule of appellate review, as Texas law requires it to do, but it has reached the same result it would have reached applying a constitutional rule. Because the result is right, I concur in the judgment of acquittal.