**Anthony Wayne WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00566–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1992.

Discretionary Review Refused
March 17, 1993.

---

Ken Goode, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Mary Lou Keel, Terrance Windham, Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, DUNN and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

A jury found appellant, Anthony Wayne White, guilty of unauthorized use of a motor vehicle. The jury found two enhancement paragraphs true, and assessed punishment at 35 years confinement. We affirm.

In his first point of error, appellant asserts there is insufficient evidence to support his conviction. He specifically argues that there is "no evidence to prove beyond a reasonable doubt that he knew he did not have the owner's consent to operate the automobile."

■ In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *Villalon v. State,* 791 S.W.2d 130, 132 (Tex.Crim.App. 1990). Viewing the evidence in that light, we are to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Geesa v. State,* 820 S.W.2d 154, 157 (Tex.Crim.App.1991). We review both direct evidence cases and circumstantial evidence cases by this standard. *Id.* at 158.

The evidence at trial was as follows. The complainant lived in Houston, Texas. On August 11, 1991, the complainant ar-rived at his home with his wife at approximately 9:00 p.m. They parked their 1988 Mazda 323 at the back door of their townhouse. At the time, several men were sitting on the car parked next to them.

Upon entering his home, the complainant accidentally left his keys, including the key to the Mazda, in the door to the home. By the time he discovered what he had done, the keys and his car had disappeared. The men who had been sitting on the car had also disappeared.

Two days later, a Shreveport, Louisiana, police officer observed appellant driving the complainant's car in Shreveport. His attention to the car was aroused by appellant's behavior in driving the car, and, upon running a "check" on the car's license plate, the officer discovered that the car was stolen. The officer stopped the car and arrested appellant. Appellant had the keys to the car and offered an explanation for driving it. The explanation, however, did not come into evidence at trial because appellant did not testify, and neither side asked the officer what explanation appellant had given him.

Both the complainant and his wife testified that they had not given appellant permission to drive the car. The complainant's wife testified that she had seen appellant on the townhouse complex grounds on a previous occasion. Appellant presented no evidence other than asking four questions of the arresting officer.

■ We agree with appellant that the State had to bring forth evidence that appellant knew that his operation of the complainant's car was without the effective consent of the owner. *See McQueen v. State,* 781 S.W.2d 600, 604 (Tex.Crim.App. 1989); *Gardner v. State,* 780 S.W.2d 259, 263 (Tex.Crim.App.1989). However, we disagree with appellant that there is insufficient evidence of this element in the record.

In *McQueen,* the Court of Criminal Appeals wrote as follows:

In the present case, the State proved at trial that appellant did not have the consent of Bobby Akin, the owner of the

motorcycle, to operate the motorcycle. Akin's ... testimony that he had not given consent to appellant ... to operate his motorcycle proved, from a sufficiency standpoint and as reflected by the factfinder's verdict, that the appellant knew he did not have Akin's consent.

781 S.W.2d at 604–05. *See also Demary v. State*, 798 S.W.2d 376, 378 (Tex.App.— Beaumont 1990, no pet.) ("[T]he State proved that appellant did not have the consent of Mr. Franks to operate Mr. Franks' vehicle, and this evidence, in itself, is sufficient to prove that appellant knew that he did not have the owner's consent.").

■■■■ Similarly, the complainant and his wife testified that they had not given appellant consent to operate the car. As in *McQueen* and *Demary*, this is circumstantial evidence sufficient to support a finding that appellant knew he did not have the owner's effective consent to operate the car. Additionally, there was evidence connecting appellant to the scene of the theft. Appellant had previously been seen in the townhouse complex in Houston, Texas; two days after the theft, appellant was driving the stolen car in Shreveport, Louisiana. We hold the evidence is sufficient for the jury to have found, beyond a reasonable doubt, that appellant knew he did not have the effective consent of the owner when he drove the car.

We note that appellant contends our disposition of this point of error should be controlled by our opinion in *Herbert v. State*, 827 S.W.2d 507 (Tex.App.—Houston [1st Dist.] 1992, no pet.). *Herbert* also involved the offense of unauthorized use of a motor vehicle, and presented us with a challenge to the sufficiency of the evidence. *Id.* at 508. However, in *Herbert*, the defendant put on "uncontradicted evidence establishing a defense." *Id.* at 509. Here, in contrast, appellant put on virtually no evidence at all. He merely asked the arresting officer four questions: whether the steering column on the car was broken (it wasn't); whether appellant had possession of the keys to the car (he did); whether any of the car's windows were broken (they weren't); and whether there was any-

thing about the car's appearance that would indicate that it was stolen (there wasn't). None of this evidence rose to the level of "establishing a defense." That nothing about the car's steering column, windows, or outward appearance in general indicated that it was stolen is not evidence that appellant did not operate the car knowing that he did not have the effective consent of the owner.

We overrule point of error one.

■■■■ In point of error two, appellant asserts the trial court erred in tendering a charge to the jury that did not require proof that appellant knew he did not have the owner's effective consent to operate the car. Appellant, however, did not object to the court's charge on this ground. Therefore, any error in the court's charge will result in reversal only if the harm to appellant, if any, is egregious. *Solis v. State*, 792 S.W.2d 95, 97 (Tex.Crim.App. 1990); *Hamilton v. State*, 804 S.W.2d 171, 173 (Tex.App.—Fort Worth 1991, pet. ref'd). "Egregious harm" is harm that deprived the defendant of a fair and impartial trial. *Solis*, 792 S.W.2d at 98. The actual degree of harm is determined by looking at the jury charge itself; the state of the evidence, including contested issues and the weight of the probative evidence; the arguments of counsel; and any other information contained in the record. *Heberling v. State*, 834 S.W.2d 350, 353 (Tex.Crim. App.1992); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g).

The charge reads, in relevant part, as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of August, 1991, in Harris County, Texas, the defendant, Anthony Wayne White, did then and there intentionally or knowingly operate a motor-propelled vehicle, namely, an automobile, owned by [the complainant], without the effective consent of [the complainant], then you will find the defendant guilty as charged in the indictment.

The language in the charge is identical, except of course for names, dates, and locations, to the language in a charge expressly

approved in *Caro v. State*, 771 S.W.2d 610 (Tex.App.—Dallas 1989, no pet.). In that case, the court held that the culpable mental state set out in the charge modifies not only "operate a motor-propelled vehicle" but also "without the effective consent of [the complainant]." *Id.* at 614–15. However, even if the charge is erroneous, the error is not so egregious that it created such harm that appellant did not have a fair and impartial trial. Both parties' closing arguments were consistent with the proposition that the State had to prove that appellant knew he did not have the effective consent of the owner to operate the car, in order to obtain a valid conviction. Appellant's attorney argued in part:

> [K]nowledge ... is an essential element. We talked about it on voir dire and the Judge read it to you and it is in writing. Knowledge, [appellant's] knowledge at the time. *Have they proven beyond a reasonable doubt his knowledge that he knew he didn't have authority to drive that vehicle?* Certainly not. Certainly not.

(emphasis added). The prosecutor's closing argument included the following:

> I submit to you that all of the elements in this case have been proven to you beyond a reasonable doubt. The only one that Counsel for the Defense appears to take issue with is the element of knowledge. Did he know that he did not have the owner's consent to drive the car? Well, folks, I ask you again to just use your plain old common sense.

It is clear from a review of the record as a whole that the jury was made aware the State had to prove, in order to obtain a valid conviction, that appellant knew he did not have the effective consent of the owner to operate the car.

We overrule point of error two.

■■■ In point of error three, appellant asserts that the trial court erred in denying his requested charge on mistake of fact. A defendant is entitled to an instruction on every defense raised by the evidence. *Johnson v. State*, 629 S.W.2d 731, 733 (Tex. Crim.App.1981).

■■■ The defense of mistake of fact is described as follows:

> It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for the commission of the offense.

TEX.PENAL CODE ANN. § 8.02(a). The defense is not raised unless there is evidence that the defendant, through mistake, formed a reasonable belief about a matter of fact. *Miller v. State*, 666 S.W.2d 564, 566 (Tex.App.—Houston [14th Dist.]1984, no pet.).

Appellant first points out that he gave the arresting officer "an explanation" for his driving the stolen car and that "[t]here was no evidence disproving this explanation." The explanation, however, is not in the record; thus, there is nothing to indicate that the explanation showed appellant had a reasonable belief that he had the effective consent of the owner to drive the car.

Second, appellant notes that, upon his arrest, he was cooperative, did not take flight, and did not struggle with the arresting officer. This is not evidence that appellant "through mistake, formed a reasonable belief about a matter of fact." That appellant did not resist arrest is not evidence that he did not know that he was operating the car without the effective consent of the owner.

Next, appellant points out there was nothing about the car that gave it the appearance of being stolen; that he was caught possessing the car two days after its theft; that he made no incriminating statements; that he was driving the car with its key; and that photos of the car's owners, present in the car at the time of its theft, were not found in the car when appellant was arrested. None of these facts are evidence that appellant did not know that he was operating the car without the effective consent of the owner.

We hold that the defense of mistake of fact was not raised by the evidence, and the trial court did not err in refusing to

instruct the jury on it. We overrule point of error three.

We affirm the judgment.