**Philip Anthony POSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–94–00405–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 1, 1996.

Velda Faulkner, Houston, for appellant.

John B. Holmes, Jr., Sandra J. Pomerantz, Stacey Webb, Houston, for appellee.

Before COHEN, O'CONNOR and WILSON, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of unauthorized use of a motor vehicle,[1] and the trial court found two enhancement paragraphs

1. TEX.PENAL CODE ANN § 31.07 (Vernon 1994).

2. "In the present case, the State proved at trial that appellant did not have the consent of Bobby

"true" and assessed punishment of 35 years in prison. We find fundamental error in the jury charge because it did not submit appellant's sole defense, mistake of fact. Consequently, we reverse and remand.

■ In his first point of error, appellant asserts the evidence is insufficient to prove he knew he did not have the owner's consent when he drove the vehicle. We review the evidence under the standard in *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2787–88, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 157 (Tex.Crim.App. 1991).

Wanda Thomas owned a 1988 Jaguar automobile that normally was driven by her friend, Chuck Williams. On November 4, 1993, Mr. Williams parked the car, then in undamaged, good condition, at Hobby airport and flew to Corpus Christi. The car was stolen soon after. On November 7, 1993, Officer Ervin stopped the car for an expired registration. Appellant was driving. When appellant could not produce a driver's license or proof of insurance, Deputy Ervin checked and discovered that Ms. Thomas owned the car. Deputy Ervin then asked appellant who owned the car. Appellant said he got it from a friend named "Chuck," whose last name and address he did not know. In the glove compartment were repair bills for the car on which only the name "Chuck" was written. Deputy Ervin noted that the car's driver's side door panel was pulled back and the alarm system wires were cut. Neither Ms. Thomas nor Mr. Williams gave anyone permission to drive the car.

■ To prove unauthorized use of a motor vehicle, the State must show, "at a minimum," that the defendant operated the vehicle knowing he did not have the owner's consent. *McQueen v. State*, 781 S.W.2d 600, 604 n. 5 (Tex.Crim.App.1989). The complainant's testimony that the defendant had no consent is sufficient, in itself, to prove defendant knew he had no consent to operate the car. *Id.* at 604–05;[2] *White v. State*, 844

Akin, the owner of the motorcycle, to operate the motorcycle. Akin's stipulated testimony that he had not given consent to appellant or anyone else to operate his motorcycle proved, from a suffi-

S.W.2d 929, 932 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). The State met that burden. *The evidence was sufficient.*

■ Appellant relies on *Herbert v. State,* 827 S.W.2d 507 (Tex.App.—Houston [1st Dist.] 1992, no pet.), in which we found similar evidence insufficient. *Id.* at 509. The *Herbert* opinion does not state whether that jury was instructed on the mistake of fact defense.[3] We assume it was because if the evidence raises an issue on mistake of fact, as it did in *Herbert,* the instruction is required in order to prevent the crime of unauthorized use from being a strict liability offense. *See Lynch v. State,* 643 S.W.2d 737, 738 (Tex.Crim.App.1983). The jury here was not instructed on mistake of fact, however, and we must measure the evidence based on the jury charge that was given, not based on one that should have been given. *Benson v. State,* 661 S.W.2d 708, 715–16 (Tex.Crim.App. 1982) (op. on reh'g), *cert. denied,* 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984). Because this jury was not instructed on mistake of fact, we cannot consider that defense in deciding the sufficiency of the evidence. *Herbert* is thus distinguishable and not controlling. Moreover, the result in *Herbert* is questionable. We held the evidence in *Herbert* insufficient because the evidence of mistake of fact was "uncontradicted." *Herbert,* 827 S.W.2d at 509. We did not mention *McQueen,* however, in which the Court of Criminal Appeals ruled that a fact finder is "free to reject" such evidence, and if it does, its verdict will not be set aside for insufficient evidence. *McQueen,* 781 S.W.2d at 605. Thus, while *Herbert* may conflict with *McQueen,* we need not resolve the conflict today because of the absence in this case of a mistake of fact instruction.

We overrule the first point of error.

■ In his second point of error, appellant asserts the trial court reversibly erred by not instructing the jury on the defense of mistake of fact.

A defendant is entitled to an affirmative submission of defenses raised by the evidence. *Lynch,* 643 S.W.2d at 738. The defense of mistake of fact provides:

> It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

TEX.PENAL CODE ANN. § 8.02(a) (Vernon 1994). A reasonable doubt on this issue would have entitled appellant to an acquittal. TEX.PENAL CODE ANN. § 2.03(d) (Vernon 1994); *McQueen,* 781 S.W.2d at 604 n. 5.

■ In an unauthorized use of a motor vehicle case, mistake of fact is raised if the defendant received the keys from someone who was apparently authorized to give them. *McQueen,* 781 S.W.2d at 602–605; *Woodfox v. State,* 779 S.W.2d 434, 435 (Tex.Crim.App. 1989); *Lynch,* 643 S.W.2d at 738. Evidence showed that appellant told Deputy Ervin he got the car from a friend named "Chuck" who lived in his neighborhood and drove fancy cars. In addition, two defense witnesses, Larry Harris and Kenneth Posey, each testified that a man named Charles Yates gave appellant the keys to a black Jaguar while both were at the home of Mr. Harris. This evidence raised the defense of mistake of fact.

■ However, defense counsel did not object or request a jury instruction on mistake of fact. Consequently, reversal is required only if the harm is so egregious that appellant was denied a fair trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). The harm must be measured in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel, and the record as a whole. *Id.*

The evidence and the closing argument reflect that only one defense was presented—appellant received the car's keys and permission to drive from an individual in

---

ciency standpoint and as reflected by the factfinder's verdict, that the appellant knew he did not have Akin's consent." *McQueen,* 781 S.W.2d at 604–05.

3. TEX.PENAL CODE ANN. § 8.02(a) (Vernon 1994).

possession of it, Charles Yates, and appellant therefore believed he had the effective consent of the "owner." Thus, the jury was not instructed on appellant's sole defense.

Instead, the jury was instructed, in part, as follows:

Our law provides that a person commits the offense of unauthorized use of a vehicle if he intentionally or knowingly operates another's motor-propelled vehicle without the effective consent of the owner.

"Effective consent" means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception or coercion.

*"Owner" means a person who has* title to the property, *possession of the property, whether lawful or not,* or a greater right to possession of the property than the defendant.

Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 7th day of November, 1993, the defendant, Philip Anthony Posey, did then and there unlawfully, intentionally or knowingly operate a motor-propelled vehicle, namely an automobile, owned by Wanda Thomas, without the effective consent of Wanda Thomas, then you will find the defendant guilty as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

(Emphasis added.)

This charge did not instruct the jury that it could find that Charles Yates was an owner, even though some evidence showed that Yates met the trial judge's and the Penal Code's definition of an "owner"—he had "possession of the property, whether lawful or not...." Tex.Penal Code Ann. § 1.07(a)(35) (Vernon 1994). As the Court of Criminal Appeals said in *McQueen:*

[W]e are aware that there may be multiple owners of the vehicle in question. Our holding should not be read to impose upon the State the burden of proving a defendant's knowledge of the lack of consent of all possible owners. The State must prove at a minimum that the defendant knew he lacked the consent of the owner or owners named in the indictment. *However, if the evidence presented by the defendant or the State raises an issue that a defendant received effective consent from any additional owners, a reasonable doubt on the issue requires that the defendant be acquitted.* V.A.P.C. Sec. 2.03(d).

*McQueen,* 781 S.W.2d at 604 n. 5 (emphasis added).

■ Given this charge and the absence of a mistake of fact instruction, conviction was a foregone conclusion because appellant's only defensive theory was not that he had the effective consent of Ms. Thomas or Mr. Williams, the rightful owner and operator of the vehicle, respectively, but that he had the effective consent of Charles Yates, the individual who possessed the car, "whether lawfully or not." If the jurors followed their instructions, they had to convict, even if they believed appellant received the car's keys, and permission to drive, from Charles Yates. In a similar situation, the Court of Criminal Appeals has held that trial counsel's failure to request an instruction on the defense of necessity constituted ineffective assistance of counsel because the jury was "precluded from giving effect to the appellant's defense," rendering his conviction "a foregone conclusion." *Vasquez v. State,* 830 S.W.2d 948, 951 (Tex.Crim.App.1992).[4] A trial in which only one result is possible, even if the jury believed evidence showing that a statutory defense existed, cannot be labelled fair. We hold that appellant suffered egregious harm from the absence of a mistake of fact instruction in the jury charge.[5]

We sustain the second point of error.

4. There is no point of error before us on ineffective assistance of counsel, perhaps because appellant's trial and appellate counsel are the same.

5. See examples of charges proposed in PAUL J. McCLUNG, JURY CHARGES FOR TEXAS CRIMINAL PRACTICE 279 (1993).

The judgment is reversed, and the cause is remanded.