MARY'S OPINION HEADING 



 NO. 12-02-00015-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


BRADERICK BUTLER,
§
 APPEAL FROM THE SEVENTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 A jury found Appellant Braderick Butler guilty of the unauthorized use of a motor vehicle,
a state jail felony. The court assessed punishment at confinement for eighteen months. Appellant
presents four issues on appeal. We affirm.


Background


 Late in the evening of July 16, 2001, Kendrick Knolley reported that his 1990 blue Cadillac
had been stolen from in front of his rural residence. Sheriff's Deputy Glenn Blalock investigated
the report shortly thereafter. Knolley could not give Deputy Blalock any description of a possible
suspect. A few hours after the first report, Deputy Blalock observed Appellant driving Knolley's
blue Cadillac, backing out of a parking place in front of the fire station near the jail, and parking
nearby in front of a finance company. After he parked the car, Appellant got out and sat on the
trunk. When Deputy Blalock approached Appellant and asked him how he came to be in possession
of the vehicle, he said he had gotten it from some "dude" in Chapel Hill. When he was asked again
for the name of the person who had given him the blue Cadillac, he became agitated and responded,
"Are you going to arrest me or what?" Appellant never gave the name of the individual he claimed
had given him the car.

 Knolley testified at trial that at about 7:30 p.m., July 16, 2001, he was in the front yard of his
house talking to Robert Phillips. Knolley went inside to answer the telephone. He spent five or ten
minutes on the telephone. When he went back outside, Robert Phillips and the blue Cadillac were
gone. He had seen no one else in the area except Robert Phillips. Although he thought Phillips had
probably taken his car, Knolley did not mention Phillips to Deputy Blalock. Knolley said the keys
were in the vehicle when it was taken. He testified that he did not believe that Appellant had stolen
his car.

 In the first, third and fourth issues presented, Appellant challenges the legal and factual
sufficiency of the evidence. Specifically, he complains that there was no evidence that he
intentionally or knowingly committed the charged offense.


Standard of Review


 In reviewing a legal sufficiency challenge, the appellate court examines the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S.
307, 315-16, 99 S. Ct. 2781, 2787, 61 L. Ed. 2d 560 (1979); Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993). A factual sufficiency review requires this court to view all of the evidence
without the prism of "'in the light most favorable to the prosecution' and set aside the verdict only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." 
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).


Discussion


 A person commits the offense of unauthorized use of a motor vehicle if he or she (1)
intentionally or knowingly (2) operates (3) another's boat, airplane, or motor-propelled vehicle (4)
without the effective consent of the owner. Tex. Pen. Code Ann. § 31.07 (Vernon Supp. 2000).

 Appellant concedes the proof shows he was operating the car, and that Knolley had not given
him permission to operate it. Appellant insists, however, that since there is no evidence that he took
the car or that he knew it had been stolen, the evidence is insufficient to prove that he operated the
vehicle knowing that he was doing so without the effective consent of the owner. In support of his
argument, he cites McQueen v. State, 781 S.W.2d 600, 604 (Tex. Crim. App. 1989). Knolley's
testimony that Appellant had no consent is sufficient, in itself, to prove Appellant knew he had no
consent to operate the car. White v. State, 844 S.W.2d 929, 932 (Tex. App.-Houston [1st Dist.]
1992, pet. ref'd); McQueen, 781 S.W.2d at 605; Posey v. State, 916 S.W.2d 88, 89 (Tex.
App.-Houston [1st Dist.] 1996), rev'd on other grounds, 996 S.W.2d 57 (Tex. Crim. App. 1998). 
The fact finder was free to reject any evidence that Appellant mistakenly believed the unnamed man
in Chapel Hill owned the car and had given him permission to operate it. See McQueen, 781 S.W.2d
at 605; Posey, 916 S.W.2d at 90. The evidence is both legally and factually sufficient to support the
verdict. Appellant's first, third and fourth issues are overruled.

 In his second issue, Appellant contends that "[t]he trial court erred in permitting Deputy
Glenn Blalock [to] testify about information from the report that he had made about the incident...
in the course of his duties as a law enforcement official, thus violating the exclusion from the hearsay
exception of rule 803(8)(B)...."

 Although the officer used the report to refresh his memory and testified to facts he had not
included in his report, the report was not introduced and Appellant raised no objection to Deputy
Blalock's testimony at trial. Appellant's second issue is without merit and is overruled.

 The judgment is affirmed.


 BILL BASS 

 Justice



Opinion delivered March 12, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.







(DO NOT PUBLISH)