United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-20603
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

KEDRON TROY FANIEL,

Defendant-
Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-590-ALL
-------------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

Kedron Troy Faniel appeals his guilty-plea conviction and sentence for being a felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He contends that the

district court erred by enhancing his sentence under U.S.S.G. § 2K2.1(b)(5) because the evidence was

insufficient to show that he had possessed the firearm in connection with the Texas felony of

---

  *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unauthorized use of a motor vehicle. He contends that the factual basis for the "interstate commerce" element of 18 U.S.C. § 922(g) was insufficient to support the guilty plea. He concedes that this latter issue is foreclosed by this court's precedent, but he seeks to preserve the issue for Supreme Court review.

The district court did not err in enhancing Faniel's sentence under U.S.S.G. § 2K2.1(b)(5). The undisputed facts set forth in the presentence report provided sufficient circumstantial evidence that Faniel knew he did not have the owner's consent to operate the vehicle he was driving at the time of the arrest, in which the firearm was found. See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996); TEX. PENAL CODE § 31.07(a); White v. State, 844 S.W. 2d 929, 932 (Tex. App. 1992).

The interstate commerce element of 18 U.S.C. § 922(g)(1) is satisfied by the possession of a firearm that was manufactured in a different state or country. United States v. Daugherty, 264 F.3d 513, 518 & n.12 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002). This element is satisfied because the firearm possessed by Faniel previously traveled in interstate commerce. See United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996). As one panel of this court may not overrule or ignore a prior panel decision, see United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999), this issue is foreclosed.

AFFIRMED.