Affirmed and Memorandum Opinion filed June 25, 2009








Affirmed
and Memorandum Opinion filed June 25, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00297-CR

____________

 

DENNIS LAMAR ANDERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 1123706

 



 

M EM O R A N D U M   O P I N I O N

A jury
found Dennis Lamar Anders guilty of the offense of unauthorized use of a motor
vehicle; the trial court sentenced appellant to two years= confinement.  In his sole issue on
appeal, appellant argues that the evidence is legally and factually insufficient
to support his conviction for unauthorized use of a motor vehicle.  We affirm.

Background








In the
summer of 2007, Alfredo Jesus Silvas employed appellant as an electrician.  The
employment terminated when appellant refused to come to work on a Saturday.  A
few weeks later, on June 22, 2007, one of Silvas=s work trucks C a 1996 gray Ford F-150 pick up truck
C was stolen.  Freddie Rebmann,
another electrician who worked for Silvas, had parked the truck in front of his
apartment.  

On June
25, 2007, Silvas saw his stolen truck stopped at the light in front of him as
he approached Vista Street at the intersection of Pansy and Vista at about 6:00
p.m.  Although the sign ACenturion Electric@ and Silvas=s telephone number on the back of the
truck had been painted over with a dark gray color, Silvas recognized his truck
and the truck=s license plate number.  Silvas could not see who was driving his truck,
but the driver recognized him and ran the red light.  

Silvas waited
for the traffic light to turn green and pursued the stolen truck.  Silvas
noticed that the truck=s passenger window was missing and the driver=s side window was open.  As Silvas
followed, the truck made a u-turn into oncoming traffic.  As the truck drove
back toward Silvas, Silvas recognized appellant as the driver.

At
trial, Silvas identified appellant as the driver of the truck and testified
that there was Ano doubt@ in his mind that appellant drove the stolen truck on June
25, 2007.  Silvas also explained that, because the truck had been stolen twice
before, the truck=s ignition was linked to an innocuous switch; before the
truck could be started, the switch had to be activated to allow a connection to
one of two gas tanks.  Silvas stated that one would have to know about the
switch in order to start the truck.  Silvas testified that, although appellant
had access to the truck because he had ridden in it as a passenger, appellant
never had permission to drive Silvas=s truck.

Rebmann
testified at trial that appellant and Rebmann were the only ones who knew Aabout the ignition not being able to
operate with the key@ and also knew about the switch.  Rebmann testified that
appellant never had permission to drive Silvas=s truck.








Appellant=s private investigator, William
Hodge, also testified at trial.  Hodge stated that he interviewed Rebmann, and
that Rebmann told him that Silvas had given appellant permission to drive
Silvas=s truck.  Hodge further testified
that Rebmann told him three other people besides Rebmann and appellant knew
about the truck=s unique ignition system.

Analysis

Appellant
argues on appeal that the evidence is legally and factually insufficient to
support his conviction for unauthorized use of a motor vehicle because the
State failed to prove that he operated the truck without the owner=s authorization.           

In
reviewing legal sufficiency of the evidence, an appellate court will examine
the evidence in the light most favorable to the verdict to determine whether
any rational finder of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim. App.
2005).  The court does not sit as a thirteenth juror and may not re‑evaluate
the weight and credibility of the record evidence or substitute its judgment
for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740 (Tex.
Crim. App. 1999).

Reconciliation
of conflicts in the evidence is within the exclusive province of the fact
finder.  See Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998)
(en banc). The appellate court=s duty is not to re-weigh the evidence, but to serve as a
final due process safeguard ensuring only the rationality of the fact finder.  See
Williams v. State, 937 S.W.2d 479, 483 (Tex. Crim. App. 1996). 

When
conducting a factual sufficiency review, an appellate court must determine (1)
whether the evidence introduced to support the verdict is Aso weak@ that the fact finder=s verdict seems Aclearly wrong and manifestly unjust,@ and (2) whether, considering
conflicting evidence, the fact finder=s verdict is nevertheless against the
great weight and preponderance of the evidence.  Watson v. State, 204
S.W.3d 404, 414‑15 (Tex. Crim. App. 2006).  We view the evidence in a
neutral light in a factual sufficiency review.  Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000) (en banc).








In order
to declare that an evidentiary conflict justifies a new trial, an appellate
court must rely on some objective basis in the record demonstrating that the
great weight and preponderance of the evidence contradicts the jury=s verdict.  See Lancon v. State,
253 S.W.3d 699, 706‑07 (Tex. Crim. App. 2008).  An appellate court should
not intrude upon the fact finder=s role as the sole judge of the
weight and credibility of witness testimony.  Vasquez v. State, 67
S.W.3d 229, 236 (Tex. Crim. App. 2002).

The jury
may choose to believe or disbelieve any portion of the testimony.  See
Lancon, 253 S.W.3d at 707.  Due deference must be given to the fact finder=s determinations concerning the
weight and credibility of the evidence, and reversal of those determinations is
appropriate only to prevent the occurrence of a manifest injustice.  Martinez
v. State, 129 S.W.3d 101, 106 (Tex. Crim. App. 2004).

A person
commits the offense of unauthorized use of a vehicle if he intentionally or
knowingly operates a vehicle without the effective consent of the owner.  Tex.
Penal Code Ann. ' 31.07(a) (Vernon 2003).  A[W]hat separates lawful operation of
another=s motor vehicle from unauthorized use
is the actor=s knowledge of a >crucial circumstance surrounding the conduct= C that such operation is done without
the effective consent of the owner.@  McQueen v. State, 781 S.W.2d
600, 604 (Tex. Crim. App. 1989) (en banc). An owner=s testimony that a defendant had no
consent generally is sufficient in itself to prove the defendant knew he had no
consent to operate the vehicle.  See id. at 604‑05; see
also White v. State, 844 S.W.2d 929, 932 (Tex. App.CHouston [1st Dist.] 1992, pet. ref=d).

We
conclude that the record contains legally and factually sufficient evidence to
support the jury=s verdict in this case.  








At
trial, Silvas testified that: (1) he saw his stolen truck in front of him at a
stoplight, and he recognized the truck=s license plate; (2) the driver of
his stolen truck recognized him and ran a red light; (3) after the driver of
the truck u-turned into oncoming traffic and then drove by Silvas, there was no
doubt in Silvas=s mind that appellant was the driver of his stolen truck on
June 25, 2007; (4) it still was light around 6:00 p.m. when he saw appellant
driving by him in his truck; (5) because his truck had been stolen twice
before, the ignition was linked to an innocuous switch that had to be activated
to allow a connection to one of the two gas tanks; (6) one would have to know
about the switch in order to start the truck; and (7) although appellant had
access to the truck as a passenger, Silvas never gave appellant permission to
drive his truck.

The jury
also heard Rebmann=s testimony at trial.  Rebmann testified that he and
appellant were the only ones who knew Aabout the ignition not being able to
operate with the key,@ and who knew about the switch.  Rebmann further testified
that appellant never had permission to drive Silvas=s truck.

Viewing
this evidence in the light most favorable to the jury=s verdict, we hold that this evidence
is legally sufficient to support appellant=s conviction.

With
respect to his factual sufficiency challenge, appellant contends that the Aevidence which tends to show that
[he] did not use Silvas=[s] truck without his consent overwhelmingly outweighs the
evidence which shows that he did use the truck.@  He points to the following to
support his contention: (1) ASilvas admitted  that he failed to include in his affidavit
to the police that he saw@ appellant driving the truck as he made a u-turn; (2) Silvas
admitted that the u-turn provided the only opportunity for Silvas to see
appellant driving the truck; and (3) AHodge testified that Rebmann told him
that Silvas had given [appellant] and several other people permission to drive
the truck.@








The jury
is the sole judge of the credibility of the witnesses and the weight to be
given the evidence; thus, the jury is entitled to believe or disbelieve all or
part of a witness=s testimony.  Roy v. State, 161 S.W.3d 30, 35 (Tex.
App.CHouston [14th Dist.] 2004, no pet.).
Although Silvas acknowledged that his affidavit does not reflect that he
recognized the appellant driving his stolen truck after he executed a u-turn
and drove past him, he testified at trial that he had no doubt that he saw
appellant driving his stolen truck as he passed by him.  Nor does the fact that
Silvas neglected to mention in his affidavit how and when he recognized
appellant driving his stolen truck support appellant=s assertion that he had permission to
drive the truck.

Although
Hodge testified that Rebmann told him that appellant had permission from Silvas
to drive his truck, both Silvas and Rebmann testified to the contrary. 
Additionally, there is no evidence to suggest that appellant had permission to
drive Silvas=s truck after his employment had terminated.  

Viewing
the evidence in a neutral light, we cannot conclude that the evidence
introduced to support the verdict is so weak that the fact finder=s verdict seems clearly wrong and
manifestly unjust, or that the fact finder=s verdict is against the great weight
and preponderance of the evidence.  Therefore, we hold the evidence is
factually sufficient to support the jury=s finding of guilt.  

Accordingly,
we overrule appellant=s sole issue on appeal.

Conclusion

The
judgment of the trial court is affirmed.

 

 

/s/        William
J. Boyce

Justice

 

 

Panel consists of
Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).