NUMBER 13-04-00247-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

DAVID GARCIA,                                                                                Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 105th District Court of Kleberg County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum Opinion by
Justice Hinojosa








A jury found appellant, David Garcia, guilty of the
offense of unauthorized use of a motor vehicle[1]
and assessed his punishment at twenty-four months= confinement in a state jail and a $5,000 fine.   The trial court has certified that this is not
a plea-bargain case and appellant has
the right of appeal. See Tex. R.
App. P. 25.2(a)(2).  In a single
issue, appellant contends the trial court erred by including an instruction in
the court=s charge that the rental car company manager was the
Aowner@ of the vehicle. 
Appellant asserts this instruction deprived him of a jury trial on one element of the offense.  We affirm.

                                                   A.  Factual
Background

On October 3, 2002, Yolanda Encina (AYolanda@) rented a 2002 Ford Focus automobile from Advantage
Rent-A-Car in Kingsville, Texas.  The
manager of the Kingsville Advantage Rent-A-Car was Tom Tricks.  Yolanda testified that she rented the car for
her daughter, Anna Encina (AAnna@), so Anna could have transportation to go see her
doctor.  Anna was expecting her second
child.  Money from Anna=s trust fund was used to pay for the rental car, and
the car was kept at Anna=s home where she lived with appellant.  Anna testified that appellant was her
husband.  Yolanda testified that
appellant was Anna=s boyfriend.

On or about October 13, 2002, appellant was stopped at a police checkpoint in Corpus
Christi, Texas, and arrested for being unable to produce his driver=s license and proof of insurance for the rental
car.  Tricks and Yolanda both testified
that they did not give appellant permission to use the vehicle.  Anna testified that she had given appellant
permission to use the vehicle.

B.  Standard of review








When we review alleged charge error, we determine (1)
whether error actually exists in the charge and (2) whether any resulting harm
requires reversal. Castaneda v. State, 28 S.W.3d 685, 694 (Tex. App.BCorpus Christi 2000, no pet.); see Mann v.
State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998).  The standard we use to determine whether
sufficient harm resulted from the error depends upon whether appellant
objected.  Mann, 964 S.W.2d at
641.  If the error was the subject of a
timely objection, reversal is required if the error was calculated to injure
the rights of the defendant, or in other words, whether there was Asome harm.@  Trevino v.
State, 100 S.W.3d 232, 242 (Tex. Crim. App. 2003); Escobar v State,
28 S.W.3d 767, 777 (Tex. App.BCorpus Christi 2000, pet. ref'd).  If the error was not properly objected to, we
reverse only if the record shows that the error was so egregiously harmful that
the defendant was denied a fair and impartial trial.  See Ovalle v. State, 13 S.W.3d 774,
786 (Tex. Crim. App. 2000);  Escobar,
28 S.W.3d at 777.

C.  Analysis

A person commits the offense of unauthorized use of
a motor vehicle if he intentionally or knowingly operates another=s motor vehicle without the owner's effective
consent.  See Tex. Pen. Code Ann. ' 31.07(a) (Vernon 1994).  Unauthorized use of a motor vehicle is a Acircumstances@ type offense; the culpable mental state of
knowingly must apply to the surrounding circumstances.  McQueen v. State, 781 S.W.2d 600, 603
(Tex. Crim. App. 1989).  A person acts
knowingly with respect to the nature of his conduct, or to circumstances
surrounding his conduct, when he is aware of the nature of his conduct or that
the circumstances exist.  See Tex. Pen. Code Ann. ' 6.03(b) (Vernon 1994). 








In the charge, the word Aknowingly@ precedes the act of operating another's motor
vehicle.  Because operating another's
vehicle is not criminal by its nature, a logical reading of the statute is that
the word Aknowingly@ applies to the Acircumstances@ surrounding the person=s conduct of operating the other person's
vehicle.  Thus, in an unauthorized use of
a motor vehicle case, a culpable mental state applies to whether the defendant
knew his use of the motor vehicle was without the effective consent of the
owner.  This is an element the State must
prove.  McQueen, 781 S.W.2d at
604.

When the trial court instructed the jury on the
elements of the offense, the court included the following: Awithout the effective consent of Tom Tricks, the
owner thereof.@  Appellant
contends that by identifying Tricks as the owner, the court=s instruction assumes a disputed fact, thereby
depriving appellant of a jury trial on one element of the case.  He asserts that there may be multiple owners
of a motor vehicle, and the owner of the 2002 Ford Focus automobile should have
been determined by the jury and not the court.

According to appellant, the McQueen court held
that in a case involving Athe offense of unauthorized use of a motor vehicle >there may be multiple owners of the same vehicle in
question= and that >if the evidence presented by the defendant or the
state raises an issue that a defendant received effective consent from any
additional owners, a reasonable doubt on the issue requires that the defendant
be acquitted.=@ McQueen, 781
S.W.2d at 604.  We note, however,
that the McQueen court also stated:

We are aware that there may be multiple owners of the
vehicle in question.  Our holding
should not be read to impose upon the State the burden of proving a defendant's
knowledge of the lack of consent of all possible owners.  The State must prove at a minimum that the
defendant knew he lacked the consent of the owner or owners named in the
indictment.  However, if the evidence
presented by the defendant or the State raises an issue that a defendant
received effective consent from any additional owners, a reasonable doubt on
the issue requires that the defendant be acquitted. 

 

Id.
(emphasis added).








After reviewing the record in this case, we conclude
the State met its minimum burden by proving that appellant lacked consent of
the owner named in the indictment, Tom Tricks. 
Appellant may have raised an issue of a possible additional owner, but
this did not create a reasonable doubt on the issue for the jury as evidenced
in the verdict.  The testimony of Tricks
and Yolanda, that neither one of them had given consent to appellant to operate
the vehicle, proved, both from a sufficiency standpoint and as reflected by the
verdict, that appellant knew he did not have the complainant's consent to
operate the vehicle.  Furthermore, the
testimony of Tricks and Yolanda is sufficient, in itself, to prove appellant
knew he had no consent to operate the car. 
White v. State, 844 S.W.2d 929, 932 (Tex. App.BHouston [1st Dist.] 1992, pet. ref'd); McQueen,
781 S.W.2d at 605; Posey v. State, 916 S.W.2d 88, 89 (Tex. App.BHouston [1st Dist.] 1996), rev=d on other grounds, 966 S.W.2d 57 (Tex. Crim. App. 1998). 
As to the evidence that
appellant may have thought he had consent from someone authorized to give
consent B Anna B the jury was free to reject this evidence.  See McQueen, 781 S.W.2d at 604‑05.

                                                              D.  Conclusion

Tracking the language of the statute, the trial
court instructed the jury that a person acts knowingly, or with knowledge, with
respect to circumstances surrounding his conduct when he is aware that the
circumstances exist.  See Tex. Pen. Code Ann. ' 6.03(b) (Vernon 2003).  The circumstances in this case
are Awithout the effective consent of the owner.@  A jury charge
that tracks the language of a particular statute is a proper charge on the
statutory issue.  See Riddle v.
State, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994).  Following the law as it is set out by the
Texas Legislature will not be deemed error on the part of a trial judge.  Martinez v. State, 924 S.W.2d 693, 699
(Tex. Crim. App. 1996).  Accordingly, we
hold there is no error in the trial court=s charge to the jury. 
We overrule appellant's sole issue.








The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
4th day of August, 2005.

 

 











[1] See Tex.
Pen. Code Ann. ' 31.07(a) (Vernon 1994).